Roy Edward HALL, Appellant,

v.

Lieutenant John ASHLEY, Correctional Officer, Cummins Unit, Arkansas Dept. of Correction, and Dr. Carl Adams, Appellees.

No. 79-1008.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1979.

Decided Oct. 18, 1979.

Gary P. Barket (argued), Barron, Coleman & Barket, Little Rock, Ark., on brief, for appellant.

Neal B. Kirkpatrick, Asst. Atty. Gen., Little Rock, Ark. (argued), and Steve Clark, Atty. Gen., Little Rock, Ark., on brief, for appellees.

Before LAY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

This appeal is brought by Roy Edward Hall, an Arkansas state prisoner, seeking attorney fees denied by the district court in a civil rights action brought under 42 U.S.C. § 1983 against Dr. Carl Adams, a physician employed by the Arkansas Department of Corrections. The evidence shows that plaintiff suffers from congenital scoliosis and that he made 121 visits to see Adams because of severe pain. Adams saw him only five times. Only after these 121 visits, and only two weeks before trial, did Dr. Adams refer Hall to an orthopedic surgeon who was under contract to the penitentiary. Plaintiff ultimately consulted an independent orthopedic surgeon. He diagnosed plaintiff's back disease and after the trial performed surgery.

Plaintiff argues, although the jury found he was entitled to no damages, nonetheless, the jury determined he had been unconstitutionally deprived of medical care. He also urges the court erred in denying attorney fees. The case has a peculiar procedural history: based upon the special verdict returned, Verdict Form No. 2, which found that Dr. Adams "did knowingly deny plaintiff adequate medical treatment for a serious medical need," the defendant moved for a judgment notwithstanding the verdict. The court found that the defendant's conduct constituted only negligence but it did not sustain the motion because the effect of the special verdict was to dismiss plaintiff's complaint since no damages were awarded.

The defendant did not cross-appeal as to this finding.[1]

The sole question presented by plaintiff on appeal is whether, under the form of the verdict submitted, the plaintiff was the "prevailing party," which is necessary under Section 1988 in order to award attorney fees. We find the form of the special verdict along with the instructions erroneous, inconsistent and confusing, such that the issue cannot be decided on appeal. Under the circumstances, we feel in the interest of justice, and under this court's jurisdiction provided by 28 U.S.C. § 2106, the entire cause should be remanded to the district court for a new trial.

The special verdict forms submitted were as follows:

## VERDICT FORM NO. 1

We, the jury, in the above entitled action, unanimously find that defendant Carl Adams did not knowingly deny plaintiff adequate medical treatment for a serious medical need and for dismissal of plaintiff's claim against him.

## VERDICT FORM NO. 2

We, the jury in the above-entitled action, unanimously find that defendant Carl Adams did knowingly deny plaintiff adequate medical treatment for a serious medical need but further find that plaintiff is not entitled to recover damages from defendant Carl Adams and for dismissal of plaintiff's complaint against him.

## VERDICT FORM NO. 3

We, the jury, in the above-entitled action, unanimously find in favor of the plaintiff, Roy Edward Hall, and against the defendant, Carl Adams, and assess the plaintiff's actual damages in the sum of $_____.

In construing these three verdict forms it is essential to review in part the court's instructions. The pertinent instruction reads:

If you find defendant Adams did knowingly deny plaintiff adequate medical treatment for a serious medical need, you should then consider whether or not the conduct of defendant Adams was sufficiently harmful to manifest a deliberate indifference to plaintiff's serious medical need and whether or not the conduct of defendant Adams deprived plaintiff of his constitutional right not to be subjected to cruel and unusual punishment or his constitutional right not to be deprived of his liberty without due process of law. You should also consider whether or not defendant Adams was at that time acting under color of law of the State of Arkansas. If you find defendant Adams knowingly denied plaintiff adequate medical

1. We intend no criticism of counsel in failing to cross-appeal; on the surface it would appear that the defendant was victorious by the dismissal of the complaint. However, since there was no appeal by the defendant from the denial of the judgment notwithstanding the verdict, the sufficiency of the evidence is not before us. The only question presented is whether plaintiff is entitled to an attorney fee under the judgment, *on the verdict,* entered by the trial judge. The court stated in denying the motion for judgment notwithstanding the verdict:

[A]s a matter of law the evidence could not support a finding of deliberate indifference to a serious medical need of plaintiff. At most the evidence would support a finding of negligence on the part of Dr. Adams, but such a finding would not be sufficient for imposition of liability under 42 U.S.C. § 1983.

It is not clear from the verdict whether the jury found deliberate indifference on the part of Dr. Adams or only negligence. However, since the verdict was for dismissal of plaintiff's complaint, it was not adverse to Dr. Adams, and any judgment entered in accordance with his motion for a directed verdict would produce the same result as the jury's verdict, *i. e.,* dismissal of plaintiff's complaint. Therefore, Dr. Adams' motion for judgment notwithstanding the verdict is denied.

We think the confusion caused by the verdict is directly enhanced by the court's instructions. The court applied too stringent a standard by which to determine a prison physician's liability under Section 1983. And although we do not pass on the sufficiency of evidence here, our reading of the present record gives support to the jury's finding that there existed a deliberate indifference to a serious medical need. Whether the evidence is sufficient on a new trial must still be determined.

treatment but that such conduct did not deprive plaintiff of either his constitutional right not to be subjected to cruel and unusual punishment or his constitutional right not to be deprived of his liberty without due process of law, or that defendant Adams was not at that time acting under color of law of the State of Arkansas, you should complete Verdict Form No. 2, cease your deliberations and return to the courtroom.

It is obvious the instruction is inconsistent and erroneous on its face.[2] The instruction presented a multi-part test. First, the jury was instructed to find whether Adams knowingly denied Hall adequate medical treatment for a serious medical need. Once that hurdle had been overcome, the jury was required to consider whether the conduct of Adams was sufficiently harmful to manifest a deliberate indifference to plaintiff's serious medical need *and* then whether the conduct of Adams deprived Hall of his constitutional rights.

The proper standard in a Section 1983 medical care case was announced by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). It is simply whether a jury may reasonably conclude that a defendant physician has shown a "deliberate indifference to serious medical needs." *Id.* at 104, 97 S.Ct. at 291. If so, such a finding constitutes "the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.*; *see also Massey v. Hutto*, 545 F.2d 45 (8th Cir. 1976); *Courtney v. Adams*, 528 F.2d 1056 (8th Cir. 1976); *Seward v. Hutto*, 525 F.2d 1024 (8th Cir. 1975); *Wilbron v. Hutto*, 509 F.2d 621 (8th Cir. 1975); *Freeman v. Lockhart*, 503 F.2d 1016 (8th Cir. 1974); *Byrd v. Wolff*, 490 F.2d 1277 (8th Cir. 1974).

Although it appears the jury found a constitutional wrong, the instruction as to verdict form number 2 and the overall form of the verdict is inconsistent and confusing and makes it difficult to determine what the jury actually intended.

We therefore hold that plaintiff is entitled to a new trial. Plaintiff's counsel is awarded $500.00 in attorney fees in this court.

JUDGMENT IS REVERSED. CASE REMANDED FOR A NEW TRIAL.

---

**2.** Nor does any fact issue exist regarding whether Dr. Adams was at all times acting under color of state law. Theoretically, the jury could speculate, contrary to the undisputed evidence, that he was not acting under color of state law, and complete verdict form number 2 (as it did) on that very ground. Yet verdict form number 2 does not recite that finding as part of the special verdict.