862 F.2d 697
 Chris C. COWANS, Appellee,
v.
Donald W. WYRICK, Warden MSP; Urban A. Lock,
Superintendent; Officer Brown; Officer Joe
Trueblood; Officer Jerry Downing;
Officer Leo Rodel;
John Douglas, Appellant.
Officer Walker.
 No. 87-1901.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 18, 1988.
Decided Dec. 6, 1988.
As Corrected Jan. 23, 1989.
 
 John Simon, Asst. Atty. Gen., Jefferson City, Mo., for appellant.
 Walter Blev, Columbia Mo., for appellee.
 Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.
 BEAM, Circuit Judge.
 
 
 1
 John Douglas, a prison guard at the Missouri State Penitentiary, appeals from a final judgment entered in the district court upon a jury verdict. The jury found that Douglas had inflicted cruel and unusual punishment upon a prisoner, Chris Cowans, in violation of the eighth amendment. The jury did not, however, assess any damages against Douglas. The court, sua sponte, awarded Cowans nominal damages in the sum of $1.00. We reverse and remand for a new trial.
 
 I. BACKGROUND
 
 2
 Cowans filed this civil rights complaint on May 15, 1986. He claimed that Douglas slammed a food service door on his hand in response to Cowans' refusal to close the door himself. Cowans' reason for refusing to close the door was to protest the conduct of another prison guard who was distributing plasticwear without wearing gloves. Cowans testified that his hand swelled, turned black and blue, and was immediately painful.
 
 
 3
 Douglas denied slamming the food service door on Cowans' hand, and by implication, denied that any injury occurred. If such an event occurred, however, Douglas contends that closing the door was necessary because prisoners crawl through the openings and throw food down inside the doors.II. ISSUES
 
 
 4
 Douglas argues on appeal that the judge's instruction to the jury on cruel and unusual punishment misstated the applicable law. Additionally, Douglas contends that the court erred in awarding nominal damages because the proper remedy, in responding to the jury having found no injury, was a Judgment N.O.V., or at least, a new trial.
 
 
 5
 We believe that the instruction did misstate applicable law inasmuch as it set out an improper standard and allowed the jury to find for Cowans absent a finding of any injury. Because of this, the court's award of nominal damages was improper.
 
 
 6
 We believe the jury is required to award nominal damages once it has found cruel and unusual punishment if it has not been able to convert into dollars the injury and pain a plaintiff has suffered. If a jury finds that plaintiff has suffered no pain of any kind, then the question of damages, nominal or otherwise, does not arise. This is because an action for cruel and unusual punishment has not been established without a showing of some measure of pain of some type.
 
 
 7
 A. Instruction on Cruel and Unusual Punishment
 
 
 8
 The Supreme Court has set out the applicable definition of cruel and unusual punishment as it arises in the context of prison security. Reasonable measures undertaken to resolve a disturbance when the disturbance indisputably poses significant risks to the safety of inmates and prison staff do not rise to the level of cruel and unusual punishment. See Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986). Cowans' refusal to shut the door when directed to do so was such a disturbance because a significant security threat was posed. Thus, the standards of Whitley must be applied.
 
 
 9
 In Whitley, the Court first found that the prisoner had suffered severe damage, and mental and emotional distress. Id., 106 S.Ct. at 1083. It said, citing Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) that "[a]fter incarceration, only the 'unnecessary and wanton infliction of pain ' * * * constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Id. 106 S.Ct. at 1084 (emphasis added). The court required, as indicated, the prisoner's pain be inflicted unnecessarily and wantonly. See id. at 1085. Whether pain is inflicted unnecessarily and wantonly depends, at least in part, upon whether "force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. * * * '[S]uch factors as the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted,' ibid., are relevant to that ultimate determination." See id.
 
 
 10
 The district court's instruction was as follows:
 
 
 11
 [T]he conduct of corrections officers will constitute cruel and unusual punishment if the force is applied intentionally for the very purpose of causing harm and not applied in a good faith effort to maintain and restore discipline.
 
 
 12
 In determining whether the constitutional line has been crossed by the use of intentional force, the jury may consider * * * the extent of the injury inflicted.
 
 
 13
 (Emphasis added). The district court's instruction was flawed in two respects. First, it seems to have allowed the jury to find for the plaintiff if it found that Douglas's use of force was not applied in a good faith effort to maintain and restore discipline.[1] We do not believe that such a finding, standing alone, is sufficient to establish Cowans' claim.
 
 
 14
 We read Whitley to mean that if force is applied in a good faith effort to maintain or restore discipline, then there is no cruel and unusual punishment. See id. Cruel and unusual punishment exists, in the context of prison security, only where force is applied maliciously and sadistically for the very purpose of causing pain and suffering. See id.
 
 
 15
 Secondly, the instruction allowed the jury to find for Cowans without finding that he had suffered any pain, misery, anguish or similar harm, whether capable of estimation or not. The extent of injury inflicted is not just something that a jury may consider, it is a relevant factor as to whether or not the punishment inflicted was cruel and unusual. See id. (citing with approval Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied sub nom. John v. Johnson, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)). Indeed, a court must look to the extent of the pain inflicted in determining whether a constitutional deprivation occurred. Johnson v. Glick, 481 F.2d at 1033.
 
 
 16
 Often, the question of whether a plaintiff suffered injury and pain will be too obvious to address, and many cases have so proceeded. See, e.g., Martin v. White, 742 F.2d 469, 474 (8th Cir.1984); Vosburg v. Solem, 845 F.2d 763 (8th Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 313, --- L.Ed.2d ---- (1988). This was not such a case. Douglas denied that the event even occurred. Similarly, the jury was free to believe or disbelieve the extent of swelling, if any, that Cowans claims occurred, and whether or not he suffered any pain, anguish, or other compensable injury.
 
 
 17
 However, the court's instruction allowed the jury to find in favor of Cowans as long as the jury believed that Douglas closed the door in bad faith or for reasons other than maintaining discipline, even if they disbelieved Cowans' testimony about the pain he allegedly suffered and the swelling he purportedly endured. The failure of the jury to award even nominal damages suggests that this may have occurred.
 
 
 18
 In cases where injury has been at issue, an appropriate injury instruction has been given. See Wade v. Haynes, 663 F.2d 778, 782 (8th Cir.1981); see also 3 Devitt & Blackmar, Sec. 103.16, at 990 (1986) (instruction asking whether the defendant's conduct was the proximate cause of injury to the plaintiff).
 
 B. Nominal Damages
 
 19
 If after a retrial, the jury finds that Douglas inflicted cruel and unusual punishment, the jury must enter an award of nominal damages if it is unable to place a monetary value on the harm that Cowans suffered from the punishment. This is because, as we have stated, the jury must have found that plaintiff suffered anguish, misery or pain in order to establish that cruel and unusual punishment was inflicted.
 
 
 20
 In this situation, the award of nominal damages is not to compensate the abstract value of the right to be free from a constitutional violation. Rather, it serves to compensate for a degree of harm sufficient to establish cruel and unusual punishment, but insufficient to support a more substantial measure of damages with reasonable certainty. See Dobbs, Remedies, Sec. 3.8, at 191 (1973).
 
 III. CONCLUSION
 
 21
 Accordingly, the order of the district court is reversed. On retrial, the judge shall instruct the jury in a manner consistent with this opinion, and order that the jury must award nominal damages if it finds that Cowans was subjected to cruel and unusual punishment as prohibited by the eighth amendment.
 
 
 22
 McMILLIAN, Circuit Judge, specially concurring.
 
 
 23
 I concur in the decision to reverse the judgment and to remand the case to the district court for further proceedings. Although I agree that the instruction as given set forth an incorrect standard of liability, I do so for different reasons than my colleagues. In addition, I do not wholly agree with certain aspects of the discussion about actual injury and damages.
 
 
 24
 The district court instructed the jury that it could find an eighth amendment violation if it found that Douglas applied force "intentionally for the very purpose of causing harm and not ... in a good faith effort to maintain and restore discipline." The district court further instructed the jury that, in making this determination, it could consider
 
 
 25
 the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, the extent of the threat to safety of staff and inmates, as reasonably perceived by them, and any efforts made to temper the severity of a forceful response.
 
 
 26
 On appeal Douglas argued that the first part of the instruction as given set forth a standard of liability that was too low. He argued the jury should have been required to find that force was applied "maliciously and sadistically for the very purpose of causing harm." This is, of course, the language used by Judge Friendly in Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973), and adopted by the Supreme Court in Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1084-85, 89 L.Ed.2d 251 (1986) (Whitley ).
 
 
 27
 The majority opinion holds that the instruction as given was flawed for two reasons: the instruction erroneously permitted the jury to find an eighth amendment violation (1) if force was not applied in a good faith effort to maintain and restore discipline, at 699, and (2) without finding that Cowans had "suffered any pain, misery, anguish or similar harm." Maj. op. at 700.
 
 STANDARD OF LIABILITY
 
 28
 I agree that the instruction as given incorrectly stated the applicable standard of liability, but not for the reasons set forth in the majority opinion.
 
 In Whitley the Supreme Court held that
 
 29
 [w]here a prison security measure is undertaken to resolve a disturbance ... that indisputably poses significant risks to the safety of inmates and prison staff, ... the question whether the measure taken inflicted unnecessary and wanton pain and suffering [and thus constitutes cruel and unusual punishment in violation of the eighth amendment] ultimately turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."
 
 
 30
 Id. at 320-21, 106 S.Ct. at 1084-85, citing Johnson v. Glick, 481 F.2d at 1033. Even though Whitley involved the use of force in an extreme situation, that is, a prison riot in which inmates were outside their cells and were holding a prison officer hostage, the Whitley standard has been extended to "routine" incidents involving the use of force to maintain or restore prison security and discipline. See, e.g., Ort v. White, 813 F.2d 318, 323-25 (11th Cir.1987) (citing cases). Accordingly, I will assume for purposes of analysis that this incident involved a "prison disturbance" and that Douglas's conduct constituted "a prison security measure." Given the undisputed fact that at the time of the alleged incident Cowans was locked inside his cell and was not throwing anything through the open food service slot door or attempting to crawl out the door, it seems to me that this is a very generous characterization of the incident that necessarily favors Douglas.
 
 
 31
 Comparing the Whitley standard with the instruction as given, it is apparent that the instruction incorrectly defined the standard of liability. What is missing from the instruction is the requirement of the unnecessary and wanton infliction of pain. It is the unnecessary and wanton infliction of pain that constitutes cruel and unusual punishment in violation of the eighth amendment. See Whitley, 475 U.S. at 319, 106 S.Ct. at 1084; Ingraham v. Wright, 430 U.S. 651, 670, 97 S.Ct. 1401, 1412, 51 L.Ed.2d 711 (1977); Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); cf. Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (infliction of pain totally without penological justification). The instruction should have either incorporated the words "unnecessary and wanton" in its definition or, preferably, substituted the "maliciously and sadistically for the very purpose of causing harm" language from Whitley.
 
 
 32
 Before Whitley was decided, I would have held that the instruction as given was incorrect for another reason: use of the term "intentionally." Prior Supreme Court cases had established that the intent to inflict unnecessary pain was not required to prove an eighth amendment violation. E.g., Estelle v. Gamble, 429 U.S. at 104, 97 S.Ct. at 291. However, Whitley modified that standard and, at least in the context of prison security and disciplinary measures, the intent to inflict unnecessary pain is now required. See Whitley, 475 U.S. at 329, 106 S.Ct. at 1089 (Marshall, J., dissenting). In my view, force applied "intentionally for the very purpose of causing unnecessary and wanton pain" is equivalent to force applied "maliciously and sadistically for the very purpose of causing harm."
 
 FORCE NOT APPLIED IN GOOD FAITH
 
 33
 I do not agree with the majority opinion that the instruction as given incorrectly permitted the jury to find an eighth amendment violation if it found that force was not used in a good faith effort to restore or maintain discipline. Unlike the majority opinion, I would hold that the use of force in bad faith can in and of itself constitute cruel and unusual punishment in violation of the eighth amendment. Judicial deference to the discretion of prison administrators in the handling of matters of prison security "does not insulate from review actions taken in bad faith and for no legitimate purpose." Whitley, 475 U.S. at 322, 106 S.Ct. at 1086; cf. Ort v. White, 813 F.2d at 323 (hypothesizing that shooting inmate after dangerous situation had subsided would constitute cruel and unusual punishment). In my view, the reference to lack of good faith in the instruction as given is in the nature of a converse instruction. When recast in the terms used in Whitley, the instruction as given correctly states that force applied in good faith to maintain or restore discipline is the opposite of force applied maliciously and sadistically for the very purpose of causing harm and correctly set forth the factors the jury was to consider in assessing the use of force.
 
 ACTUAL INJURY
 
 34
 Next, I do not agree that the instruction as given incorrectly permitted the jury to find in Cowans's favor "without finding that he had suffered any pain, misery, anguish or similar harm." Maj. op at 700. The instruction as given expressly directed the jury to consider "the extent of the injury inflicted." This is one of the factors to be considered in determining whether the force used was "applied in a good faith effort to restore or maintain discipline or maliciously and sadistically for the very purpose of causing harm." Johnson v. Glick, 481 F.2d at 1033.
 
 
 35
 In my view, our disagreement is in part a dispute about whether actual injury is an essential element of a constitutional violation. I do not think it is. "[T]he violation of a constitutional right, in proper cases, may itself constitute a compensable injury." Memphis Community School District v. Stachura, 477 U.S. 299, 313, 106 S.Ct. 2537, 2546, 91 L.Ed.2d 249 (1986) (Stachura ) (Marshall, J., concurring in the judgment); see, e.g., Parrish v. Johnson, 800 F.2d 600, 609-10 (6th Cir.1986). As discussed below, however, actual injury or loss is essential to recovery of more than nominal damages.
 
 
 36
 In any event, this disagreement is irrelevant to the present case because of the specific nature of the alleged eighth amendment violation. "[I]njuries occurring in an Eighth Amendment context are not likely to be of an evanescent nature. The establishing of cruel and unusual punishment will often require the showing of physical abuse from which injuries and concomitant damages will normally be easy to prove." Parrish v. Johnson, 800 F.2d at 609. Here, Cowans presented evidence of not only actual physical injury but pain and suffering as well. He testified that Douglas slammed the food service slot door on his hand and that, as a result, his hand was painful, swollen, and bruised, and that he later required medical attention.
 
 
 37
 It may be that on remand the jury will decide not to credit all or part of Cowans's version of the incident. The jury may decide that nothing at all happened. In that case, Douglas would prevail.
 
 
 38
 Alternatively, the jury could decide that the incident did occur but not believe Cowans's claims about the severity of his injury or pain. As noted by the majority opinion, supra, at 700, the extent of the injury inflicted is one of the factors to be considered in evaluating the constitutionality of Douglas's conduct. Whitley, 475 U.S. at 321, 106 S.Ct. at 1085; Ort v. White, 813 F.2d at 323; Johnson v. Glick, 481 F.2d at 1033. Also relevant are factors such as the need for the application of force, the relationship between the need for and the amount of force applied, "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them, and any efforts made to temper the severity of a forceful response." Whitley, 475 U.S. at 321, 106 S.Ct. at 1085. "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Id.
 
 
 39
 The jury could find that Douglas closed the food service slot door on Cowans's hand but caused only slight pain, that is, a degree of pain that, under the circumstances, would not be consistent with malicious or sadistic conduct. The maintenance of security and discipline in prisons will often require that prisoners be subjected to physical contact and emotional stress. Even the use of significant physical force has been held not to constitute cruel and unusual punishment in certain high-risk or emergency situations. See Ort v. White, 813 F.2d at 324 (reviewing cases involving use of physical force); compare Whitley, 475 U.S. at 322-26, 106 S.Ct. at 1086-87 (shooting prisoner during prison riot held not cruel and unusual punishment), with id. at 330-34 (Marshall, J., dissenting) (questioning majority opinion's assessment of level of disturbance existing at time of shooting). Conversely, depending upon the surrounding circumstances, even actions involving no actual physical contact could constitute unconstitutional conduct, particularly in the absence of any legitimate, penological justification. See Parrish v. Johnson, 800 F.2d at 605 (abusive conduct included leaving paraplegic prisoner unattended, waving knife at prisoner, extorting snack food items, taunting, and failing to report need for medical care).
 
 
 40
 However, if the jury finds that the incident did occur and that Douglas did not act in good faith to maintain or restore discipline and instead acted maliciously or sadistically for the very purpose of causing harm, then Cowans would prevail, even though the extent of injury or pain inflicted was relatively minor.
 
 NOMINAL DAMAGES
 
 41
 Once a constitutional violation is established, the extent of the injury inflicted would also be relevant to the jury's assessment of substantial compensatory damages. The Supreme Court in Carey v. Piphus, 435 U.S. 247, 255, 98 S.Ct. 1042, 1048, 55 L.Ed.2d 252 (1978), held that civil rights plaintiffs could recover substantial compensatory damages only for actual injury caused by the defendant's violation. See also Stachura, 477 U.S. at 306, 106 S.Ct. at 2542. In the present case the jury may decide that Cowans failed to establish injury or pain, although that should not ordinarily be much of a problem in an eighth amendment excessive force case. Compare Hobson v. Wilson, 237 U.S.App.D.C. 219, 737 F.2d 1, 61-62 (1984) (damages for prohibiting demonstrations in violation of first amendment), cert. denied, 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985). Or the jury may decide that there was insufficient proof of the amount necessary to compensate Cowans for his injury and pain and suffering. However, these kinds of findings would affect only whether Cowans can recover more than only nominal damages and, if so, the amount of substantial compensatory damages.
 
 
 42
 Accordingly, I agree with the majority opinion that if the jury finds an eighth amendment violation, the jury must award Cowans at least nominal damages. Maj. op. at 700. I also agree with the majority opinion that in this case an award of nominal damages would indicate that Cowans could not prove the monetary value of his injury and pain and suffering with sufficient certainty to entitle him to recover an award of substantial compensatory damages. Id.; see, e.g., Lancaster v. Rodriguez, 701 F.2d 864, 866 (10th Cir.) (per curiam) (nominal damages awarded for eighth amendment violation where no proof of actual injury), cert. denied, 462 U.S. 1136, 103 S.Ct. 3121, 77 L.Ed.2d 1373 (1983); see generally Restatement (Second) of Torts Sec. 907 comment c (1979).
 
 
 43
 In other cases, however, an award of nominal damages would in itself serve both to recognize and vindicate "the importance to organized society that those [constitutional] rights be scrupulously observed." Carey v. Piphus, 435 U.S. at 266, 98 S.Ct. at 1053. This is, of course, particularly true in procedural due process cases like Carey v. Piphus in which the plaintiffs did not suffer any actual injury or loss other than the deprivation of procedural due process. In most cases, however, a plaintiff will sustain injury or loss as a result of the constitutional violation and must be fully compensated for that injury or loss. For example, the public employee discharged without prior notice and an opportunity to be heard may suffer, in addition to deprivation of procedural due process, lost wages. What is important is that the award of damages must be "proportional to the actual loss sustained." Stachura, 477 U.S. at 315, 106 S.Ct. at 2547 (Marshall, J., concurring in the judgment). The plaintiff who cannot prove actual injury or loss, or reasonably quantify the value of the actual injury or loss, caused by the unconstitutional conduct is limited to recovery of nominal damages.
 
 
 44
 In sum, because I agree that the instruction as given incorrectly stated the applicable standard of liability, I concur in the decision to reverse the judgment and to remand the case for further proceedings.
 
 
 
 [1]
 The special concurrence would find, apparently, an eighth amendment violation upon a showing of any force used in bad faith, with or without the infliction of mental or physical pain. Under such a test, any intentional tort involving force could result in a constitutional violation even when no harm occurs. As stated, we do not believe that Whitley permits such a result