900 F.2d 251
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Howard Danny DENNY, Plaintiff-Appellant,
v.
R.L. HINTON, Jr.; John Doe-1; John Doe-2; John Doe-3;
John Doe-4; John Doe-5; John Doe-6; James
Woodard, Defendants-Appellees,
R.O. Elliott; Aaron Johnson, Defendants.
 No. 88-7211.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1989.
Decided March 13, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Hiram H. Ward, Senior District Judge. (CA-85-767-S).
 Martha Melinda Lawrence, Smith, Patterson, Follin, Curtis, James & Harkavy, Raleigh, N.C., for appellant.
 Michael T. Medford, Manning, Fulton & Skinner, Raleigh, N.C.; James Peeler Smith, Special Deputy Attorney General, Tiare B. Smiley, Special Deputy Attorney General, Raleigh, N.C., for appellees.
 Martha A. Geer, Smith, Patterson, Follin, Curtis, James & Harkavy, Raleigh, N.C., for appellant.
 Edwin Pate Bailey, Fulton & Skinner, Raleigh, N.C.; Lacy H. Thornburg, Attorney General, Raleigh, N.C., for appellees.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL, Circuit Judge, HAYNSWORTH, Senior Circuit Judge,* and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This appeal involves three orders entered in Howard Denny's civil rights action against several officers and officials of the North Carolina Department of Corrections ("DOC"). Finding no error, we affirm.
 
 I.
 
 2
 Denny's complaint sought damages under 42 U.S.C. Sec. 1983 for various constitutional violations allegedly suffered by him while an inmate at Piedmont Correctional Center ("PCC"). He alleged that he suffered a beating and related verbal harassment at the hands of six PCC correctional officers on June 15, 1982, that such actions were part of a pattern of abuse of inmates by PCC staff, and that certain supervisory officials knew of and condoned such pattern of abuse. He also alleged that PCC and DOC officials conspired to conceal the beating and other similar incidents of inmate abuse. Among those named as defendants were James Woodard and Robert L. Hinton, Jr., DOC Secretary and PCC Superintendent, respectively, at the time of the beating. Also named were six John Doe defendants who Denny alleged were those correctional officers directly involved in the June 15th incident. Denny claimed that he had insufficient information at that time to identify the officers by their full names. The complaint was filed one day prior to the expiration of the applicable three-year limitation period.
 
 
 3
 Through discovery, Denny was able to identify five of the six correctional officers designated as John Doe defendants. His motion to amend the complaint to add these named defendants, however, was denied by the magistrate on the ground that North Carolina's "fictitious name" statute, N.C.G.S. Sec. 1-166, did not toll the statute of limitations. Because Denny's motion was filed beyond the limitation period applicable to his action, the limitations period had run as to the John Doe defendants. The district court essentially adopted the reasoning of the magistrate and affirmed the order denying the motion to amend the complaint.[1] Denny v. Hinton, No. C-85-767-S (M.D.N.C. June 20, 1986). We conclude that the lower court correctly determined that N.C.G.S. Sec. 1-166 is not, as a matter of North Carolina law, a tolling statute. We therefore affirm the district court's order for the reasons expressed therein.
 
 II.
 
 4
 Secretary Woodard then moved for summary judgment on the ground that Denny had failed to make the requisite showing of supervisory liability or conspiracy. After an exhaustive review of the evidence, the magistrate concluded that Denny had produced no material evidence upon which a jury could base a finding of liability on any of Denny's claims against Woodard. Accordingly, the magistrate recommended that the claims be dismissed. The district court agreed with the findings and recommendations and dismissed Woodard from the action. Denny v. Hinton, No. C-85-767-R (M.D.N.C. March 13, 1987). Upon full consideration of the record, briefs, and oral argument, we conclude that the magistrate's findings and legal conclusions were correct and that summary judgment was appropriate. We therefore affirm the district court's order granting Woodard's motion for summary judgment.
 
 III.
 
 5
 The case was tried to a six-person jury against only a single defendant, Superintendent Hinton. The first phase of the trial resulted in the jury's finding, in response to a specific interrogatory, that Denny's constitutional rights had been violated by the beating. The court then directed a verdict of liability against Hinton. On the issue of damages, the jury returned a verdict of one dollar in compensatory damages and failed to award any punitive damages. Denny's motion for a new trial on the issue of damages was denied on the ground that the jury could have reasonably inferred that Denny incurred no actual damages. Denny v. Hinton, No. C-85-767-S (M.D.N.C. July 11, 1988). We agree.
 
 
 6
 On appeal, we will not overturn a jury award on the ground that it is inadequate unless we find that the lower court abused its discretion in refusing to grant a new trial on the issue of damages. Bryant v. Muskin Co., 873 F.2d 714, 716 (4th Cir.1989). Denny argues that the nominal damages were clearly contrary to the jury's finding that a constitutional violation had occurred. Our analysis of the record, however, leads us to conclude otherwise.
 
 
 7
 The only issue is whether nominal damages for the beating are inadequate. In denying a new trial, the district court pointed out that Denny never reported his alleged injuries to medical personnel at the prison. Additionally, the court noted that Denny had "severe credibility problems"; for instance, his testimony that he complained about the beating to the prison chaplain was directly contradicted by the chaplain himself. Although the jury apparently believed that Denny had been mistreated to the extent that a constitutional violation had occurred, the district court suggested that the nominal verdict could have been due to the jury's belief that Denny had grossly exaggerated the extent of the beating and that he in fact suffered no actual injuries.
 
 
 8
 Under Memphis Community School Dist. v. Stachura, 477 U.S. 299 (1986), only constitutional deprivations resulting in actual harm are compensable; the abstract value of constitutional rights is not a permissible element of compensatory damages in Sec. 1983 actions. Id. at 310. Denny contends that the nature of the constitutional violation involved in his case, i.e., a "beating," mandates more than nominal compensatory damages.[2] This argument fails to recognize that the jury may well have disbelieved Denny and his witnesses' testimony about the injuries he allegedly incurred during this beating.[3] More than nominal damages do not flow automatically from a finding of a constitutional violation. See Taylor v. Green, 868 F.2d 162 (5th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 127 (1989) (judgment on jury verdict awarding $200 punitive damages against each defendant and no compensatory damages in prison beating case modified to award nominal compensatory damages); Cowans v. Wyrick, 862 F.2d 697 (8th Cir.1988) (jury found an Eighth Amendment violation but awarded no damages, remanded for new trial with instruction that jury must award at least nominal damages "if it is unable to place a monetary value on the harm that [the plaintiff-inmate] suffered from the punishment"); Ledford v. Gordon, 648 F.Supp. 326 (M.D.N.C.1986) (upholding verdict of liability but no damages in a Sec. 1983 action by a prison inmate who claimed to have been beaten by prison guards). Unlike the plaintiff in Wheatley v. Beetar, 637 F.2d 863 (2d Cir.1980), Denny presented no objective medical evidence of his injuries. Having determined that the verdict is not clearly contrary to the evidence, we find that the district court committed no abuse of discretion in denying a new trial.
 
 AFFIRMED
 
 
 *
 Judge Haynsworth participated in the hearing of this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. Sec. 46(d)
 
 
 [1]
 Pursuant to 28 U.S.C. Sec. 636(c), the parties had previously consented to the court's designation of a magistrate to conduct pretrial proceedings. The district court conducted a de novo review of the magistrate's order denying Denny's motion to amend to name the John Doe defendants, 28 U.S.C. Sec. 636(b)(1)(B)
 
 
 [2]
 We note that Denny failed to object to the following instruction: "If you do not find that the plaintiff has sustained actual damages you should return a verdict for the plaintiff in some nominal sum, such as one dollar."
 
 
 [3]
 Denny's mother and two other inmates testified that they observed bruises on Denny's chest shortly after the beating occurred