Van Lewis MEEK, Plaintiff,

v.

Clyde ORTON, et al., Defendants.

No. S 89–0118–C.

United States District Court,
E.D. Missouri,
Southeastern Division.

Aug. 23, 1991.

David Adam Potashnick, Potashnick & Potashnick, Joseph C. Blanton, Jr., Blanton, Rice, Sidwell & Ottinger, Sikeston, Mo., for plaintiff.

Eugene K. Buckley, Evans & Dixon, St. Louis, Mo., for defendants.

### MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff, a prisoner incarcerated at the Pemiscot County Jail ("PCJ") at all times relevant to this action, filed this action against defendants pursuant to 42 U.S.C. § 1983. Defendant Clyde Orton is the sheriff of Pemiscot County. Defendant Floyd Buchanan is the jailer at PCJ. Plaintiff alleged that defendants displayed deliberate indifference to his serious medical needs in violation of the eighth amendment. This action was tried before a jury on June 11 and June 12, 1991. On June 12, 1991 the jury returned a verdict in favor of plaintiff and against defendant Floyd Buchanan.[1] The jury awarded plaintiff

---

1. On June 12, 1991 the Court sustained the motion of defendant Clyde Orton for a directed verdict in his favor.

"zero" in actual damages and $10,000.00 in punitive damages. This cause is before the Court on defendant Floyd Buchanan's motion for judgment notwithstanding the verdict. Defendants seek for the Court to set aside plaintiff's jury verdict and plaintiff's award of punitive damages because the jury did not find that plaintiff suffered actual damages.

The Court agrees that a jury award of actual damages is necessary for the jury to find a violation of the eighth amendment. In *Cowans v. Wyrick*, 862 F.2d 697 (8th Cir.1988), the prisoner plaintiff alleged that a prison guard subjected him to cruel and unusual punishment when the prison guard slammed a food service door on plaintiff's hand. Plaintiff testified that his hand swelled, turned black and blue, and was immediately painful. The prison guard denied that the incident had ever occurred. The jury found in favor of plaintiff, but did not assess any damages against the prison guard. The *Cowans* Court noted the inherent inconsistency between a jury finding of an eighth amendment violation and a jury award of "zero" damages. The Court stated:

> If a jury finds that plaintiff has suffered no pain of any kind, then the question of damages, nominal or otherwise, does not arise. This is because an action for cruel and unusual punishment has not been established without a showing of some measure of pain of some type.

> \* \* \* \* \* \*

> The jury must have found that plaintiff suffered anguish, misery or pain in order to establish that cruel and unusual punishment was inflicted.

*Cowans, supra,* 862 F.2d at 699, 700. In a concurring opinion, the Honorable Theodore McMillian stated:

> I agree with majority opinion that if the jury finds an eighth amendment violation, the jury must award plaintiff at least nominal damages.

I also agree with the majority opinion that *in this case* an award of nominal damages would indicate that plaintiff could not prove the monetary value of his injury and pain and suffering with sufficient certainty to entitle him to recover an award of substantial compensatory damages.

*Id.* at 703. (Emphasis added).

The eighth amendment proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles,* 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958). In the instant matter plaintiff's allegations certainly stated a cause of action under the eighth amendment. On January 20, 1988 plaintiff sustained a gun shot wound to his leg during the course of a burglary. Shortly after the injury plaintiff was apprehended and taken to Pemiscot Memorial Hospital for treatment. On January 21, 1988 plaintiff was released from Pemiscot Memorial Hospital and taken to PCJ. Plaintiff testified that from January 21, 1988 to June 1, 1988 plaintiff was not permitted to see a doctor about his wound although plaintiff continually requested medical care. Plaintiff testified that during this time he was in severe agonizing pain, and was in constant fear of losing his leg or his life. Plaintiff further testified that the wound became infected and smelled like rotting meat. Defendants testified that plaintiff never requested medical care during the period in question. By the time of trial plaintiff's leg had healed completely.

A jury finding that plaintiff suffered the alleged anguish, misery or pain necessary for a violation of the eighth amendment would have manifested itself in an award of actual damages. The jury was instructed on the availability of nominal damages for a violation of the eighth amendment.[2]

---

2. Jury Instruction No. 12 provided:
   If you find that the Plaintiff is entitled to a verdict in accordance with these instructions, but do not find that the Plaintiff has sustained substantial (actual) damages, then you may return a verdict for the Plaintiff in some nominal sum such as $1.00 (on account of actual damages). (The award of a nominal sum on

The jury, however, did not even award plaintiff $1.00 in actual damages. Instead, the jury found that plaintiff suffered no actual damages as a result of an eighth amendment violation.

In sum, the Court concludes that there can be no violation of the eighth amendment protection against cruel and unusual punishment absent a finding that the prisoner sustained actual, albeit nominal, damages from the violation. For the foregoing reasons, the Court enters judgment in favor of defendant Floyd Buchanan and against plaintiff notwithstanding the verdict.

### Motion for Attorney's Fees and Bill of Costs

Because the Court entered judgment in favor of defendant and against plaintiff notwithstanding the verdict, plaintiff's motion for attorney's fees and bill of costs are denied as moot.

account of actual damages would not preclude your awarding punitive damages in such amount as you deem appropriate if you

find that the award of punitive damages is justified under these instructions.)