977 F.2d 437
 Tommy WILLIAMS, Appellee,
v.
Bill ARMONTROUT, Defendant,
Jerry Downing, Appellant,
Robert Malone; Mark Co I Colbert; Henry Jackson; Fred
Counterman; Richard Bowers; Eric Mitchell;
Mitchell; Lawson; Marshall; Laura
Downing; Dr. Marvin Mack, Defendants.
 No. 91-3411.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 11, 1992.
Decided Oct. 13, 1992.
Rehearing Denied Nov. 23, 1992.
 
 Michael Pritchett, Jefferson City, Mo., argued (William L. Webster and Michael Pritchett, on the brief), for appellant.
 Andy B. Hodges, Springfield, Mo., argued, for appellee.
 Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 Jerry Downing, a guard employed by the Missouri Department of Corrections, appeals from a judgment in favor of Tommy Williams, an inmate, for $300.00 actual damages and $500.00 punitive damages on his 42 U.S.C. § 1983 (1988) claim. The central issue in the appeal is whether the magistrate judge[1] erred in ordering a new trial on damages only, when the jury in the first trial found in favor of Williams under an instruction which required a finding that he had been damaged, but denied an award of damages under instructions which required a finding that Williams had sustained "actual damages." The magistrate judge held that this finding was inconsistent and a miscarriage of justice, and he ordered a new trial. Downing argues on appeal that he was entitled to judgment notwithstanding the verdict based on the jury verdict in the first trial, finding no damages, and that the magistrate judge abused his discretion in granting a new trial on damages only because the jury findings are reconcilable and because the issues of liability and damages are so interwoven that the retrial should have included liability issues. We affirm the judgment of the magistrate judge.
 
 
 2
 Williams sued Downing and several other corrections officials, and the jury returned a verdict in favor of all but Downing. Williams alleged that Downing allowed Williams' enemies to enter an area where Williams was working, Downing knew there was a substantial risk that Williams would be attacked by these inmates, Williams was attacked, and Downing was deliberately indifferent or acted with reckless disregard for Williams' safety. We need not recite the evidence in great detail because the appeal centers on the jury's verdict and the instruction upon which the verdict was based. Suffice it to say, there was evidence that Downing knew of plaintiff's enemies Gaddy and Hemmingway and witnessed an earlier argument between the three. Williams testified that Downing told another officer to open Gaddy and Hemmingway's cell door, and when this was done, Gaddy and Hemmingway stabbed Williams numerous times, injuring one finger so he could not bend it. Williams testified that Downing acted as he did because Williams had harassed Downing about his wife's sexual relationship with an inmate which had resulted in Downing's wife divorcing him and marrying the inmate.[2]
 
 
 3
 The jury instructions which authorized the verdict against Downing required findings that Downing allowed the enemies into the area where Williams was working, Downing was deliberately indifferent or acted with reckless disregard for Williams' safety, and "as a direct result, [Williams] was damaged." With respect to damages, the magistrate judge instructed the jury that they should award a sum that would compensate Williams "for any actual damages" he sustained or was reasonably certain to sustain in the future. They were further instructed that in addition to any other damages to which they found Williams entitled, they might, but were not required to, award punitive damages.
 
 
 4
 After the jury began deliberations, it submitted these three questions in writing to the magistrate judge: (1) Could we have a ruling as to what actual damages are, (2) What were defendant's daily wages, and (3) Should we award medical expenses? The magistrate judge told the jury that there was no evidence of lost wages or medical expenses, and regarding the first question, they should be guided by the instructions. The jury then returned a verdict in Williams' favor, but found no actual or punitive damages. Williams filed a motion for new trial arguing that the jury's findings were inconsistent, and Downing filed a motion for judgment notwithstanding the verdict. The magistrate judge denied Downing's motion, concluding that the jury:
 
 
 5
 clearly found a constitutional violation but did not understand the jury instruction with respect to "actual damages." They obviously thought "actual" meant "out-of-pocket" expenses. This resulted in inconsistent findings and a miscarriage of justice.
 
 
 6
 ... Liability was clearly determined by the jury as indicated by the questions asked during jury deliberations and by their verdict.
 
 
 7
 Order of November 14, 1990, at 3. The magistrate judge granted a new trial, limited to the issues of actual, nominal, and punitive damages. On retrial, the jury returned a verdict in favor of Williams in the amount of $300.00 in actual damages and $500.00 in punitive damages. Downing appeals.
 
 I.
 
 8
 Downing argues that he is entitled to judgment notwithstanding the verdict because the jury found no damages. As we stated recently:
 
 
 9
 In a motion for j.n.o.v., the question is a legal one, whether there is sufficient evidence to support a jury verdict. This court must analyze the evidence in the light most favorable to the prevailing party and must not engage in a weighing or evaluation of the evidence or consider questions of credibility.... [A]ll the evidence must point one way and be susceptible of no reasonable inference sustaining the position of the nonmoving party.
 
 
 10
 White v. Pence, 961 F.2d 776, 779 (8th Cir.1992) (footnotes omitted) (citations omitted). Downing does not argue that there was insufficient evidence to support the jury verdict. Indeed, as set forth above, the record reveals that there was evidence from which a jury could find both liability and damages. Rather, Downing argues that when the jury found that Williams was entitled to no "actual damages," it found the converse of a necessary element of the section 1983 claim against Downing.
 
 
 11
 This argument is an effort to prove too much. As we recited above, the magistrate judge instructed the jury that it must find that Williams was "damaged" in order to find for him.[3] The judge then instructed the jury that if they found for Williams, they must award a sum that would fairly and justly compensate him for any "actual damages" he sustained or would sustain in the future. Downing did not object at trial to the wording of these instructions. The magistrate judge recognized that the jury had difficulty with the term "actual damages" because the jury specifically requested a ruling "as to what actual damages are" and asked two questions relating to Downing's daily wages and Williams' medical expenses. Downing's argument that the jury found no damages and, accordingly, he is entitled to judgment notwithstanding the verdict, simply cannot stand in light of the instructions given and the verdict rendered. It is evident that this argument is based solely on the jury's failure to find "actual damages" by awarding monetary damages to Williams, but this overlooks the fact that the jury was required to find and did find that Williams was "damaged" when it returned its verdict in favor of Williams on liability. The magistrate judge did not err in holding that the jury found a constitutional violation, but did not understand the "actual damages" instruction which resulted in inconsistent findings and a miscarriage of justice.
 
 
 12
 We reject Downing's argument that the magistrate judge read too much into the jury's questions, and we are convinced the magistrate judge accurately determined that the jury was confused. The magistrate judge did not speculate on the jury's thought processes, but simply interpreted what occurred during the trial. Downing's argument overlooks the difference in wording between the two instructions, the jury's detection of this difference, and the questions directly related to it. On the record before us, we cannot conclude that Downing was entitled to a judgment as a matter of law merely because the jury failed to award monetary damages to Williams. The jury followed the liability instruction and found that Williams was "damaged." Its failure to award monetary damages was appropriately explained in the magistrate judge's order--there were inconsistent findings because of the difference in the wording of the instructions.
 
 II.
 
 13
 Downing argues that even if he is not entitled to judgment notwithstanding the verdict, the jury's finding of liability and failure to award damages can be reconciled and a new trial on damages should not have been granted. Downing correctly sets forth the standards governing the grant of a new trial, particularly with relation to the claim that the verdict is against the weight of the evidence. We recently discussed these standards in detail. See White v. Pence, 961 F.2d at 779-82. Suffice it to say, we do not have a question about the weight of the evidence before us, but rather, we have a finding that the verdict was inconsistent because the jury did not understand one of the damages instructions. The magistrate judge nevertheless made an unequivocable finding that there was a miscarriage of justice, which, as we stated in White, is the critical finding in the grant of a new trial on weight of the evidence grounds. Id. at 780. Further, as we noted in White, the determination of the trial judge should be sustained unless there was an abuse of discretion. Id. at 781-82.
 
 
 14
 Relying on Spears v. Hough, 458 F.2d 529 (8th Cir.), cert. denied, 409 U.S. 878, 93 S.Ct. 130, 34 L.Ed.2d 131 (1972), Downing argues that the failure to award damages despite a finding of liability is not inconsistent. The issue in Spears, however, was simply whether the plaintiff could obtain a new trial on the issue of damages when the jury findings were based on conflicting evidence. Id. at 530-31. In Spears, there was no showing of inconsistency in the instructions or jury misunderstanding as was reflected here in the jury's questions to the magistrate judge.
 
 
 15
 Alternatively, Downing argues that the magistrate judge should have awarded $1.00 nominal damages. Downing refers us to cases from other circuits which have entered an award of $1.00 for nominal damages when there has been a verdict for plaintiff with a finding of no damages. See, e.g., Taylor v. Green, 868 F.2d 162, 164-65 (5th Cir.), cert. denied, 493 U.S. 841, 110 S.Ct. 127, 107 L.Ed.2d 87 (1989). None of these cases, however, is helpful under the specific circumstances of the present case. For example, in Taylor, the jury found a violation of plaintiff's constitutional rights and awarded punitive damages, but failed to award any actual damages. Id. at 163. The Fifth Circuit entered an award of $1.00 nominal damages because the existence of damage was not disputed and the plaintiff was entitled to nominal damages as a matter of law. Id. at 165. Again, however, in Taylor there was no showing of inconsistency in the instructions or jury misunderstanding as there was in the present case.
 
 
 16
 Downing asserts that there is support in the Eighth Circuit for simply entering a nominal damages award when the jury has found liability but failed to award damages. Downing cites Cowans v. Wyrick, 862 F.2d 697, 699 (8th Cir.1988), where we stated that a "jury is required to award nominal damages once it has found cruel and unusual punishment if it has not been able to convert into dollars the injury and pain a plaintiff has suffered." In Cowans, however, we reversed the district court's entry of a $1 nominal damage award and remanded for a new trial because the liability instruction was flawed. Id. We have neither a flawed liability instruction nor a finding by the magistrate judge that nominal damages were appropriate under the circumstances. The magistrate judge properly analyzed the situation created by the conflict between the two instructions, and concluded that a new trial on the issue of damages was required.
 
 
 17
 Finally, Downing argues that even if a new trial was proper, it should not have been limited to the issue of damages. In Hall v. Ashley, 607 F.2d 789 (8th Cir.1989), we remanded a section 1983 case for a new trial on all issues. Like the present case, the jury in Hall found a constitutional wrong but awarded no damages. Id. at 789. Both the liability and the damages issues were remanded for a new trial because the entire verdict form was incorrect, inconsistent, and confusing, including the standard set out for determining the existence of liability. Id. at 790-91. Again, however, in this case there was no confusing instruction as to Downing's liability, and the jury found that William's constitutional rights had been violated. As indicated by the jury's questions and verdict, the confusion arose only as to the interpretation of "actual damages." There is no doubt that Williams sustained stab wounds, and the injury to his finger resulted in a restriction in bending. Although we have some concerns about whether the issue of punitive damages should have been submitted without a retrial of liability, the award is modest and we cannot conclude on the record before us that this issue requires retrial of the entire case. Therefore, because the magistrate judge's clear and detailed reasoning is consistent with the standards announced in our earlier new trial decisions, see White v. Pence, 961 F.2d at 779-82, we cannot conclude that there was an abuse of discretion.
 
 
 18
 We affirm the judgment of the magistrate judge.
 
 
 19
 BEAM, Circuit Judge, dissenting.
 
 
 20
 In ordering retrial on the issue of damages only, the district court failed to apply established law and sound legal principles. Accordingly, for three separate reasons, I dissent.
 
 
 21
 First, although damages are an intrinsic part of the issue of liability in an Eighth Amendment claim, the jury is usually free to find that the injury actually caused by the constitutional violation is so de minimis that it is less than nominal in amount.
 
 
 22
 Second, assuming that the damages in this matter were at least nominal, as defined by the law of this circuit, the district court had ample authority under Cowans v. Wyrick, 862 F.2d 697, 699 (8th Cir.1988) to enter judgment for $1 in nominal damages. Our action with regard to the flawed liability instruction in Cowans, as discussed by the majority opinion, was separate and apart from our holding on nominal damages and is no reason not to apply Cowans. Id. at 700.
 
 
 23
 Third, and most importantly, I object to a new trial on damages only. In an Eighth Amendment case, such a course of action is patently unfair to the defendant. A remand for retrial on only one issue passes muster, but only if the issue reheard is "so distinct and separable from the others [in the trial] that a [new] trial of it alone may be had without injustice." Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931). In Eighth Amendment litigation, the issues of liability, causation, and damages are almost always so inextricably intertwined that manifest injustice is created when, upon retrial, they are permitted to be separately considered. Also, remands solely on the issue of damages have never been permitted where, as here, there is evidence of a compromise between the right of recovery and the amount of damages. See, e.g., Randy R. Koenders, Annotation, Propriety of Limiting to Issue of Damages Alone New Trial Granted on Grounds of Inadequacy of Damages--Modern Cases 5 A.L.R.5th 875, 900 (1992) (updating 29 A.L.R.2d 1199, 1214 (1953)). The same principles apply when a new trial is ordered in the district court.
 
 
 24
 If left to me, I would remand this case with directions to the district court to enter judgment for $1 or, in the alternative, provide a retrial on all issues.
 
 
 
 [1]
 The Honorable William A. Knox, United States Magistrate Judge, trying the case by consent under 28 U.S.C.A. § 636(c)(1) (West Supp.1992)
 
 
 [2]
 We have considered another aspect of this triangle in Knight v. Lombardi, 952 F.2d 177 (8th Cir.1991)
 
 
 [3]
 The instruction stated that the jury must find for Williams "if all the following elements have been proved by the greater weight of the evidence." The fifth item in the enumeration of elements required that as a direct result of the foregoing elements, the plaintiff was damaged. The instruction also stated that "[i]f any of the elements have not been proved by the greater weight of the evidence," the verdict must be for Downing