**Donald Ray HARRISON, Plaintiff,**

v.

**Aaron J. JOHNSON et al., Defendants.**

**No. 91–652–CRT–BR.**

United States District Court,
E.D. North Carolina,
Raleigh Division.

July 2, 1993.

---

been issued a *Roseboro* letter advising him of the requirements of Rule 56, plaintiff has not responded to defendants' motion.[2] Because the time for the filing of such response has long since expired, the court will now rule.

## FACTS

Plaintiff, an inmate at Odom Correctional Center ("Odom") at the time of the filing of the complaint on 3 October 1991, brought this suit under 42 U.S.C. § 1983 alleging excessive and unnecessary use of force. Specifically, plaintiff claims that, while in the meal line in the prison cafeteria, defendant Sergeant Arthur Pierce instructed him to go to Pierce's office. Plaintiff avers that, once in the office, Pierce and defendant Guard Richard Powell unjustifiably assaulted him while he was handcuffed. Plaintiff further claims that defendants Captain Michael Norwood and Lieutenant Gay came into the office during the attack, but refused to intervene. Plaintiff alleges he was found guilty by the prison disciplinary committee of assault on a prison officer, and was subsequently punished with 30 days loss of good credit time. As relief, plaintiff seeks an injunction and money damages.

## ORDER

BRITT, District Judge.

This matter is before the court on defendants' motion to dismiss.[1] Affidavits have been filed to accompany defendants' motion, and thus, the court will treat the motion as one for summary judgment under Rule 56. Although this *pro se* plaintiff has

## DISCUSSION

A motion to dismiss should be granted if the plaintiff's complaint has failed "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). If, on a motion to dismiss for failure to state a claim, "matters outside the pleading are presented to and not excluded by the court, the motion shall be

1. Defendants Allsbrook, Johnson, and Northampton County Sheriff's Department, named originally in plaintiff's complaint, have been previously dismissed by court orders entered 23 December 1991 and 27 April 1993 respectively. Upon a review of the record, it appears that an order similar to the 27 April 1993 order was issued by this court on 20 May 1993. After investigation into the matter, the court has determined that this duplication occurred due to clerical error.

2. From a review of the record, it is unclear where plaintiff is currently incarcerated (if at all), since the last two of this court's orders have been returned to sender. Plaintiff, as alleged in his complaint, was an inmate at Odom Correctional Center during the events asserted in the complaint. Apparently, however, since the filing of the complaint, plaintiff has been moved to other prison facilities within the State of North Carolina, as the docket sheet and subsequent correspondence now indicate that he is confined at Caledonia Correctional Center. The clerk of this court sent *Roseboro* letters addressed to plaintiff to all prison facilities where plaintiff was thought to be incarcerated in an attempt to notify him of the pending motion. The court will nonetheless proceed to rule in view of the good faith attempts that have been made to locate plaintiff. The court further admonishes plaintiff for his failure to inform the court of his whereabouts, and notes that this is his responsibility. It is not the court's obligation to track plaintiff down.

treated as one for summary judgment...." *Id.* Rule 12. Defendants have submitted affidavits outside the pleading in connection with the pending motion. Thus, the court will treat the motion to dismiss as one for summary judgment under the requirement set out in Rule 56.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Since plaintiff filed his complaint *pro se,* it must be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972). Nonetheless, plaintiff, in order to withstand summary judgment, must establish the existence of a genuine issue of material fact by presenting evidence on which the jury could reasonably find in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient" to create a genuine issue of material fact. *Id.* Furthermore, plaintiff's failure to create a genuine issue of material fact on any essential element of his claim will result in summary judgment being entered against him. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986).

Defendants Pierce and Powell argue that plaintiff has failed to state an excessive force claim under the Eighth Amendment. Pierce and Powell do not dispute that physical force was used against plaintiff. Rather, these defendants assert that there was a legitimate need for the use of force, that the relationship between the force needed and the force used was reasonable in light of the circumstances, that plaintiff's resulting injuries were not serious, and that they demonstrated no bad motives throughout the incident. In short, they claim that their actions simply do not rise to the level of a constitutional infringement. Defendants Pierce and Powell have attached their own affidavits and the affidavits of other Odom officials to support their argument.

The remaining defendants, Gay and Norwood, maintain that their refusal to intervene while Pierce and Powell used physical force against plaintiff provides no legal basis upon which plaintiff may cognizably state a claim. Gay and Norwood claim that they observed no choking, and they are not alleged to have actively participated in the use of physical force. In light of this, they maintain that they were not aware of a pervasive risk of harm to plaintiff, and that they cannot be held legally accountable therefor. To support this defense, Gay and Norwood have likewise attached their own affidavits and those of other Odom officials.

The court has indeed reviewed the affidavits of the following Odom officials: (1) defendant Gay; (2) defendant Norwood; (3) defendant Pierce; (4) defendant Powell; (5) Albert Reilly, an Odom correctional officer; (6) Bertha Thompson, the Nurse Supervisor at Odom; (7) Robert Cofield, an Odom correctional officer; (8) Robert Jones, an Odom nursing assistant; and, (9) Charles Hill, the Superintendent of Odom. All of the defendants' affidavits generally describe the events of the alleged incident. Specifically, in each one of these affidavits, defendants deny that plaintiff was choked or gagged, and aver that the force used was justified in light of plaintiff becoming unruly while being handcuffed. These affidavits also show that plaintiff was immediately reported to Odom's medical department and was treated there for minor injuries sustained as a result of the incident.

Furthermore, the affidavits of Bertha Thompson and Robert Jones, both Odom medical personnel, indicate that while at Odom's medical department, plaintiff was treated for minor injuries. Thompson and Jones also aver that they observed no visible signs of plaintiff choking or gagging and that plaintiff did not complain of any such choking or gagging.

The affidavit of Charles Hill, Superintendent of Odom, shows that plaintiff has previously committed 35 prison rule violations while confined at Odom. Hill additionally avers that he reviewed the use-of-force and

disciplinary reports which were filed in connection with the incident. After such review, Hill states that he determined that each defendant correctional officer responded appropriately to the situation at hand and further determined that immediate medical attention was provided to plaintiff. Hill further avers that Deputy C.J. Barfield of the Northampton County Sheriff's Department investigated the matter and did not find any indicia that excessive force was used. To support his averment, Hill has attached the incident report filed by Sheriff Barfield after the investigation.

 Upon full review of the record, the court agrees with all defendants' arguments. The court recognizes that the key inquiry in a prison force case, such as this one, is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillan,* — U.S. —, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

 In this case, all pertinent, sworn affidavits show that the force used was necessary only to restrain an unruly prisoner. These affidavits also clearly show that plaintiff was immediately treated for only minor injuries. *See Cowans v. Wyrick,* 862 F.2d 697 (8th Cir.1988); *Pressly v. Gregory,* 831 F.2d 514, 518 (4th Cir.1987). Plaintiff has failed to offer any contradictory evidence whatsoever to suggest otherwise, and the court therefore finds that the force used by defendants Pierce and Powell was justified in light of the circumstances.

 With regard to defendants Gay and Norwood, the relevant affidavits indicate that these defendants observed no choking, did not participate in the use of force, and even reported plaintiff to the medical department for treatment. Plaintiff's allegations are simply insufficient to create any genuine issue of material fact to support his § 1983 claim in this regard. Additionally, plaintiff has failed to produce any rebutting evidence to substantiate any potential § 1983 claim against defendants Gay and Norwood. To state a claim against alleged by-standers Gay and Norwood, plaintiff must be able to show that these defendants were aware of a pervasive

risk of harm to plaintiff and that they obdurately, wantonly, or with deliberate indifference failed to address plaintiff's condition. *Moore v. Winebrenner,* 927 F.2d 1312 (4th Cir.1991); *Slakan v. Porter,* 737 F.2d 368 (4th Cir.1984). This plaintiff has simply failed to do. The court therefore concludes that plaintiff has failed to state a tenable claim as against defendants Gay and Norwood.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss, treated as a motion for summary judgment, is GRANTED; and this action is hereby DISMISSED.