Percy SEWARD, Appellant,

v.

Terrell Don HUTTO, Commissioner,
Arkansas Department of
Correction, Appellee.

No. 75–1507.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 5, 1975.

Decided Nov. 19, 1975.

Percy Seward, pro se.

Jim Guy Tucker, Atty. Gen., and Robert A. Newcomb, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This appeal by Percy Seward, a prisoner at the Cummins unit of the Arkansas prison system, is from an order of dismissal of his civil rights complaint entered by Judge Eisele on July 2, 1975. The petitioner's complaint raised essentially two issues: First, that he was being improperly treated for tuberculosis, and secondly, that he had been placed in confinement with tubercular inmates thus exposing him to the disease.

Judge Eisele found that the petition was frivolous since Seward admitted therein that he had been examined by the prison physician who stated there was nothing wrong with him. Judge Eisele further stated that

[i]n light of this, the petition exhibits a mere disagreement between the inmate and the prison physician as to what is necessary and proper for his medical care. Such matters, in the absence of allegations of intentional neglect or mistreatment, should be left to the medical judgment of the prison physician. *Terry v. Campbell, et al.* [505 F.2d 735], No. 74–1126, 8th Cir., April 3, 1974, and *Ellingburg v. Lloyd,* 491 F.2d 729 [728] (8th Cir. 1974).

As to this first issue, we affirm on the basis of Judge Eisele's reasoning set forth above.

As to the second issue, we note that the complaint could be read broadly to assert that Seward suffers a substantial risk of contracting tuberculosis from other inmates sick with that disease and not kept isolated from the general prison population. The district court apparently did not consider such a question to have been fairly raised by the pleadings.

■ In *Finney v. Arkansas Board of Correction*, 505 F.2d 194 (8th Cir. 1974), we directed that the district court for the Eastern District of Arkansas continue to exercise jurisdiction over the Arkansas correctional system since prison conditions therein, although improved, still did not meet constitutional standards. As pertinent here, we said:

> In addition the district court found that many inmates have serious physical ailments which render confinement in the ordinary penal institution unbearable for them and, in the case of contagious diseases, dangerous for others. The district court found that deficiencies have existed and continue to exist but that "the Department has done the best that it could in the area of medical services with the resources at its command." [*Holt v. Hutto*] 363 F.Supp. [194] at 200 [D.C.Ark.1973]. We find the problem to be much more complex and serious than this, and assuming the deficiencies are of a constitutional nature, we again cannot agree that lack of funds or facilities justify lack of competent medical care.

*Id.* at 202.

The district court is already under an obligation in *Finney* to take steps to afford a remedy for inadequacies in general conditions of medical care in the Arkansas prisons, including isolating contagious patients from the general prison population. Thus, we find it unnecessary to construe Seward's claim as asserting anything more than a dispute with his physician over proper medical treatment.

The judgment of dismissal is affirmed.