Lonnie A. MASSEY, Appellant,

v.

Terrell Don HUTTO et al., Appellees.

Nos. 76–1594, 76–1595 and 76–1596.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1976.
Decided Nov. 17, 1976.

---

Lonnie A. Massey, pro se.

Jim Guy Tucker, Atty. Gen., and Robert A. Newcomb, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Lonnie A. Massey, an inmate at the Cummins Unit of the Arkansas Department of Corrections, filed three separate civil rights complaints alleging various deprivations of adequate medical treatment. The District Court directed the prison authorities to produce Massey's prison medical records. Thereafter, the court dismissed Massey's claims as reflecting a difference of opinion over proper medical treatment. Massey appeals.

■ It is established that claims of inadequate medical treatment which reflect a mere disagreement with prison authorities over proper medical treatment do not state a claim of constitutional magnitude. *See Seward v. Hutto,* 525 F.2d 1024 (8th Cir. 1975); *Jones v. Lockhart,* 484 F.2d 1192 (8th Cir. 1973); *Cates v. Ciccone,* 422 F.2d 926 (8th Cir. 1970). It is equally clear, however, that allegations of deliberate indifference to a prisoner's request for essential medical treatment are sufficient to state a claim for relief pursuant to 42 U.S.C. § 1983. *See Cotton v. Hutto,* 540 F.2d 412 (8th Cir. 1976); *Wilbron v. Hutto,* 509 F.2d 621 (8th Cir. 1975); *Freeman v. Lockhart,* 503 F.2d 1016 (8th Cir. 1974). We proceed to a review of the District Court's disposition of Massey's claims in light of these principles.

## No. 76–1594

In this action, Massey alleged that he has a disabled right hand; that he is suffering from skin cancer caused by excess exposure to the sun; that he has poor balance as the result of recent brain surgery; that despite these conditions, he has been assigned to the garden squad which places him in constant exposure to the sun and requires him to use a hoe with one hand; that despite his balance problems, he has been made to run, as the result of which he has fallen and sustained injuries; and that he has brought these problems to the attention of the prison authorities but has been denied relief. Massey sought injunctive relief.

Massey's medical records reveal that he has seen the prison medical authorities on twenty-four occasions; that his hand has been Xrayed and found fit; that he has received pain medication for his hand; that he has been reclassified Permanent Medical Disability and has been removed from the garden squad and other exposure to the sun; and that he has received treatment for skin lesions which can degenerate into cancer and will continue to receive such treatment in the future.

■ On the basis of these records, we agree with the District Court that Massey has not been the victim of deliberate indifference with respect to the claims enumerated above. To the extent that he is not receiving the treatment he desires, his complaint reflects a mere disagreement over proper medical treatment. Accordingly, dismissal was proper.[1]

## No. 76–1595

In this action, Massey alleged that he suffers from bleeding ulcers for which he requires medication and a special diet; that he has informed the prison authorities of this condition but has been denied the necessary medication and diet; and that he has

---

1. We note that Massey's medical records do not expressly rebut his claim that he has been made to run despite his poor balance. We assume, however, that any problem in this regard has been alleviated by Massey's removal from the garden squad and classification as Permanent Medical Disability. Should our assumption prove unwarranted, Massey may institute new proceedings on this claim in the District Court.

been locked up for days at a time with no food he can eat. Massey sought injunctive relief.

Massey's medical records reveal that he complained of ulcers in October, 1975. They do not indicate, however, whether Massey has ever been examined or treated for ulcers.

We conclude that the allegations contained in Massey's complaint, if proven, could give rise to a finding of deliberate indifference. We further find that Massey's medical records do not provide a basis for characterizing his claim as reflecting a mere disagreement over proper medical treatment. Accordingly, we remand Massey's claim with respect to ulcers to the District Court for further consideration.

### No. 76-1596

In this action, Massey alleged that he had a disabled right hand when he entered prison; that shortly after entering Cummins, he fell and further injured his hand; and that he has sought treatment from both the prison doctor and Warden Hutto but has been denied all treatment. Massey sought injunctive relief and $10,000 damages.

As noted above in connection with No. 76-1594, Massey's hand has been Xrayed and found fit, and he has received pain medication for it. We hold, therefore, that Massey's complaint reflects a mere disagreement over proper medical treatment, and that dismissal was proper.

### Conclusion

We remand Massey's claim concerning ulcers in No. 76-1595 to the District Court for further consideration. The dismissals in Nos. 76-1594 and 76-1596 are affirmed.