697 F.2d 213
 Roger D. MOSBY, Appellant,
v.
James MABRY, Arkansas Department of Correction; A.L.
Lockhart; Jerry Campbell; Kenny Taylor;
Jeremiah Robinson and Dr. Carl Adams,
Cummins Unit, Arkansas Dept.
of Correction, Appellees,
James E. Mabry, Appellee,
A.L. Lockhart, Acting Director; and Ronald Dobbs; Steve
Bertschy and Johnny King, Employees, Cummins Unit,
Arkansas Dept. of Correction, Appellees,
A.L. Lockhart and Ronald Dobbs, Appellees.
 No. 81-2292.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 22, 1982.
Decided Dec. 30, 1982.
 
 Steve Clark, Atty. Gen. by Dennis R. Molock, Deputy Atty. Gen., Little Rock, Ark., for appellees.
 Roger D. Mosby, pro se.
 Before ROSS and McMILLIAN, Circuit Judges and DAVIES, District Judge.*
 PER CURIAM.
 
 
 1
 Roger D. Mosby, a pro se inmate, appeals from the district court's dismissal, with prejudice, of four of his lawsuits brought pursuant to 42 U.S.C. Sec. 1983. Mosby, while incarcerated in the Arkansas Department of Correction, filed approximately 40 lawsuits alleging numerous violations of his civil rights under section 1983 by various prison personnel. On October 14, 1981, the district court conducted a hearing to consider four of Mosby's cases which had been consolidated for trial. These cases were based upon allegations of receiving a disciplinary sentence for failure to work (PB-C-78-75); the opening of personal mail (PB-C-79-45); being assaulted by another inmate (PB-C-79-127); and denial of adequate dental care (PB-C-79-182). Following the evidentiary hearing, the district court denied the requested relief and dismissed each of Mosby's cases.
 
 
 2
 Mosby raises two issues on appeal: 1) that the district court denied him a fair hearing by failing to subpoena certain witnesses and in failing to appoint counsel to represent him at the hearing; and 2) that the district court erred in dismissing each of the four cases. We disagree and affirm the order of the district court.
 
 
 3
 Mosby's first contention is that he did not receive a fair hearing because the district court demonstrated prejudice and unfairness by failing to allow him to subpoena witnesses and by failing to appoint counsel to represent him during the evidentiary hearing. Our review of the record persuades us that this argument lacks merit. On appeal, Mosby has not demonstrated that any relevant testimony was excluded because the court failed to subpoena these witnesses, nor is it apparent from the transcript what relevant testimony, if any, these witnesses would have offered if they had been called. The trial court has discretionary power to refuse to subpoena witnesses and prevent abuse of process in both civil and criminal proceedings. Manning v. Lockhart, 623 F.2d 536, 539 (8th Cir.1980). From our review of the record, we find no sound basis for concluding the court abused that discretion. Furthermore, Mosby's claim that he was denied his right to be represented by counsel and thereby deprived of his rights guaranteed by the sixth amendment has no legal foundation. In civil rights matters the court may, pursuant to 28 U.S.C. Sec. 1915, "request" an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request. Peterson v. Nadler, 452 F.2d 754, 757 (8th Cir.1971). In view of the district court's finding that Mosby demonstrated familiarity with judicial procedure and the substance of the cases at issue here, we find no basis for holding that the court abused its discretion in not appointing counsel to represent Mosby in these matters.
 
 
 4
 Mosby's second contention is that the district court erred in its dismissal of all four of his cases. We find no error in the district court's order to dismiss all these cases with prejudice.
 
 
 5
 In case No. PB-C-78-75, Mosby alleged that disciplinary charges were improperly filed against him as a result of his refusal to work at his assigned job. Considering the facts of this case, it cannot be said that the district court erred in denying Mosby relief. In order to prevail upon a section 1983 claim, it is essential to establish a clear violation of a constitutional right or other federally protected right. Freeman v. Lockhart, 503 F.2d 1016, 1017 (8th Cir.1974), citing Cole v. Smith, 344 F.2d 721 (8th Cir.1965). Mosby failed to establish such a violation since the general rule is that compelling prison inmates to work does not contravene the thirteenth amendment. Ray v. Mabry, 556 F.2d 881, 882 (8th Cir.1977).
 
 
 6
 In case No. PB-C-79-45, Mosby alleged that he had received religious mail which had been opened; and that opening this mail outside his presence violated his civil rights. Mosby made no claim that his mail had been censored or that the mail should not have been opened at all; rather, his complaint was that the mail should have been opened in his presence. The district court properly denied Mosby relief in this case. The Supreme Court implicitly approved the opening of nonprivileged mail to inspect for contraband in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Since nonprivileged mail is not immune to inspections of this nature, the practice challenged here cannot give rise to a civil rights violation. Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir.1981).
 
 
 7
 In case No. PB-C-79-127, Mosby alleged that he was assaulted by another inmate who had been placed in his cell by prison officials as part of an alleged conspiracy between them to have him harmed or killed. The district court correctly dismissed this case because the facts alleged by Mosby do not show a violation. Liability exists only if the warden or jailer knew of the risk of such injury or should have known of it and with actual or constructive knowledge, failed to prevent such an attack. Brown v. United States, 342 F.Supp. 987, 993 (E.D.Ark.1972), aff'd in part, rev'd in part, 486 F.2d 284 (8th Cir.1973). Mosby failed to establish that any of the prison personnel had actual or constructive knowledge that such an attack would take place.
 
 
 8
 In case No. PB-C-79-182, Mosby alleged that he was unable to receive dental treatment while incarcerated at the Cummins Unit. From the record it appears that Mosby has received adequate dental treatment when it has been so requested. Based upon the evidence adduced at the hearing, it would appear that the district court properly denied relief to Mosby in this case because to prevail, he was required to prove deliberate indifference on the part of these defendants to his known medical needs, Massey v. Hutto, 545 F.2d 45, 46 (8th Cir.1976), and such indifference was not shown by Mosby at the evidentiary hearing.
 
 
 9
 It seems clear from the record that the district court did not deny Mosby a fair hearing, nor did the court err in dismissing these four cases with prejudice. For the reasons stated above, we affirm.
 
 
 
 *
 The Honorable Ronald N. Davies, Senior United States District Judge for the District of South Dakota, sitting by designation