Damon HURD, Plaintiff,

v.

C.O. NOLAN, et al., Defendants.

No. 82–2039C(4).

United States District Court,
E.D. Missouri.

May 9, 1985.

Thomas M. Dee, St. Louis, Mo., for plaintiff.

Sheryl Johnson-Elcock, City Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM

CAHILL, District Judge.

This is a civil rights action against individual corrections officers and the prison nurse arising out of an alleged beating and subsequent denial of medical treatment. Plaintiff alleges that defendants' conduct constituted cruel and unusual punishment and deprived him of his rights under the constitution and laws of the United States. For the reasons which follow, judgment shall be entered in favor of defendants and against plaintiff. Pursuant to F.R.C.P. 52(a), the following constitute the Court's findings of fact and conclusions of law.

Plaintiff Damon Hurd resides in the State of Missouri and is a resident of the Missouri State Penitentiary in Jefferson City, Missouri. At the time of the alleged incidents, plaintiff was a resident of the St. Louis Municipal Jail in St. Louis, Missouri. Defendants are all residents of Missouri and are employed by the City of St. Louis. The incident of which plaintiff complains

occurred against the backdrop of certain prison protests and outbursts concerning prison conditions on the second floor of the City Jail where plaintiff was housed. The incident which forms the basis of plaintiff's complaint occurred sometime during the week of October 4, 1982. According to plaintiff, defendants Perkins and Nolan removed him (plaintiff) from his cell and thereafter struck him following plaintiff's request to see his uncle who was also incarcerated in the jail. Subsequent to this attack, plaintiff alleged that he was denied requested medical treatment, and that two days afterward he was finally allowed to see the nurse (defendant Keaton) who (plaintiff alleges) told him nothing was wrong and refused him treatment.

*Applicable Law.*

Lawful imprisonment by its very nature limits individual rights and privileges. *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). Nevertheless, convicts do not forfeit all constitutional protections. *Bell v. Wolfish,* 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979). "There is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff v. McDonnell,* 418 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). The eighth amendment, applicable to the states through the fourteenth amendment, prohibits the infliction of cruel and unusual punishment. *Robinson v. State of California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). Intent to punish a person is not a necessary component of an eighth amendment claim under § 1983. *Spain v. Procunier,* 600 F.2d 189, 197 (9th Cir.1979). What is required in a § 1983 action based on the eighth amendment is that the defendants caused harm upon the plaintiff that was cruel and unusual.

While the use of excessive force may give rise to liability under § 1983, the statute cannot be interpreted to impose liability for breach of duties of care arising out of tort law. *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). "[N]ot every instance of the use of excessive force gives rise to a cause of action under § 1983 merely because it gives rise to a cause of action under state tort law or is prosecutable under criminal assault and battery law." *King v. Blankenship,* 636 F.2d 70, 72 (4th Cir.1980). To be actionable under § 1983, the alleged excessive use of force must rise to "constitutional dimensions." *Pritchard v. Perry,* 508 F.2d 423, 426 (4th Cir.1975); *Johnson v. Glick,* 481 F.2d 1028, 1033–34 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Courtney v. Bishop,* 409 F.2d 1185 (8th Cir.), *cert. denied,* 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969). What this means to the plaintiff is that he must show more than that he has suffered some kind of intentional tort at the hands of the defendants who were acting under color of state law, he must prove acts which, in effect, amount to shocking or brutal conduct. *See Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). Plaintiff's proof in this regard fails. With the exception of plaintiff's own testimony, no other persons were produced who could give an eyewitness account of the incidents which occurred on the date in question. While this fact is not fatal to plaintiff's cause in and of itself, the Court is nevertheless hesitant to rule in plaintiff's favor on so crucial an issue with so little corroborating evidence to support plaintiff. Defendants denied the incident, and there was an absence of incident reports to substantiate plaintiff's contention that such an incident occurred;[1] even plaintiff's own allegations concerning the challenged acts do not so "shock the conscience" as to require the

**1.** Defendants stated to this Court that records pertaining to plaintiff's housing for the relevant periods in question could not be located for a number of reasons: 1) certain records concerning prison housing are only maintained for a year due to storage problems; 2) during plaintiff's housing at the jail, the institution was in a state of flux as to maintenance and control of prisoner population due to overcrowding; and 3) no incident report was made as to plaintiff's beating because there was no beating.

Court's imposition of liability against defendants. Plaintiff admits that he taunted and insulted his attackers.

■ Plaintiff's claims concerning a denial of medical care also fail. The proper standard in a § 1983 medical care case was announced by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). It is simply whether a jury [or the court] may reasonably conclude that a defendant physician [or other hospital personnel] has shown a "deliberate indifference to serious medical needs." *Id.* at 104, 97 S.Ct. at 291. If so, such a finding constitutes "the 'unnecessary and wanton infliction of pain' proscribed by the eighth amendment." *Id., see also Hall v. Ashley*, 607 F.2d 789 (8th Cir.1979); *Massey v. Hutto*, 545 F.2d 45 (8th Cir.1976); *Seward v. Hutto*, 525 F.2d 1024 (8th Cir. 1975). Plaintiff's proof concerning medical care is scant and fails to rise to the level contemplated by *Estelle v. Gamble* and this circuit's own case law.

The Court has put the defendants to their proof and has carefully considered the totality of the evidence. The Court now finds that the plaintiff has failed to prove by a preponderance of the evidence a prima facie case under 42 U.S.C. § 1983. Judgment is entered for the defendants.

