960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Russell Delmar HILL, Appellant,
v.
Frank ATKINSON; Bob Tomlinson; Larry Kennon; Hoyt
Smotherman; Lance Langdon, Appellees.
 No. 91-3656.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 2, 1992.
Filed: April 15, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Russell Delmar Hill appeals from the final judgment of the magistrate judge[1] resolving his 42 U.S.C. § 1983 action by partial dismissal and partial judgment for Hill. We affirm.
 
 
 2
 Hill filed the instant action against fifteen individuals,[2] the city of Greenwood, Sebastian County, and the State of Arkansas. Hill claimed defendants acted improperly during the investigation and prosecution of a burglary for which he was charged and convicted.[3] Only Hill's claims of false arrest, malicious prosecution, false imprisonment, and illegal search and seizure, asserted against law enforcement defendants, were tried before the magistrate judge.
 
 
 3
 After the trial, the magistrate judge held that one of the law enforcement officers had violated Hill's Fourth Amendment rights when he made a warrantless search of Hill's backyard. Because no information obtained during this search was used to arrest Hill, however, the magistrate judge found that Hill suffered no damage and was entitled only to the nominal amount of one dollar. Hill's remaining claims were dismissed with prejudice.
 
 
 4
 On appeal Hill essentially argues, inter alia, that the magistrate judge did not permit him to present all of the evidence and witnesses that he requested; false statements were made in the magistrate judge's memorandum opinion; the magistrate judge admitted evidence out of court and he was not permitted to object; and the magistrate judge was prejudiced.
 
 
 5
 The magistrate judge acted within her discretion in restricting the number of witnesses Hill was permitted to call and in limiting the evidence which he could present. See Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982) (per curiam) (trial court has discretion to refuse to subpoena witnesses); National Transp., Inc. v. Inn Foods, Inc., 827 F.2d 351, 355 (8th Cir. 1987) (district court within discretion in excluding evidence). Hill's claim that false statements were made in the magistrate judge's opinion lacks merit, because the allegedly false statements were based on testimony by defendants which conflicted with that offered by Hill and his witnesses, and the magistrate judge properly exercised her discretion to determine which testimony was more credible. See Dumond v. Lockhart, 885 F.2d 419, 422 (8th Cir. 1989) (magistrate judge in best position to observe demeanor of witnesses and assess credibility).
 
 
 6
 We reject as conclusory Hill's claim that the magistrate judge relied on out-of-court evidence, as Hill does not specify what this evidence was or under what circumstances it was allegedly received.
 
 
 7
 Finally, Hill's claim that the magistrate judge was prejudiced, which we construe as an argument that she should have recused herself, lacks merit. See United States v. Faul, 748 F.2d 1204, 1210 (8th Cir. 1984) (disqualification required only where judge's impartiality might reasonably be questioned or she has a personal bias or prejudice), cert. denied, 472 U.S. 1027 (1985). Hill has not raised a reasonable question as to the magistrate judge's impartiality or alleged any extrajudicial source of bias that would have warranted recusal. See id. at 1211. We conclude that Hill's remaining arguments are meritless.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas, to whom this matter was submitted for disposition pursuant to the consent of the parties. See 28 U.S.C. § 636(c)
 
 
 [2]
 These individuals included local and county police personnel, prosecutors, judges, witnesses, a defense attorney, and a bail bondsman
 
 
 [3]
 This conviction was modified on appeal. State v. Hill, No. CA CR 89-119 (Ark. Ct. App. Dec. 13, 1989) (unpublished) (finding insufficient evidence to support burglary conviction, but sufficient evidence to support finding of guilt for lesser included offense of criminal trespass)