978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Willie GRAVES; John Richmond; Michael McWhriter; Jerry R.
Franks; Kasib Tauheed Bilal; Michael Monroe Bass;
Plaintiffs-Not a Party,
Rodney D. WILLIAMS, Plaintiff-Appellant,
Dwight FORD; Thomas Ge Hodo, Plaintiffs-Not a Party,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction;
Larry Norris, Assistant Director, Arkansas Department of
Correction; George Brewer, Classification Co-Ordinator,
Arkansas Department of Correction; Marvin Evans, Jr.,
Warden, Tucker Unit, Nuby Courtney, Assistant Warden, Tucker
Unit; R.D. Perry, Building Major, Tucker Unit; Harry
Rhodes, Field Major, Tucker Unit; Captin Heflin, Tucker
Unit; Captain Apel, Tucker Unit; Captain Kelly, Tucker
Unit, Defendants-Not a Party,
SGT. HAMPTON; Sgt. Carroll; Sgt. Vidrine, Defendants-Appellees.
 No. 92-1851.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 14, 1992.
Filed: October 27, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rodney D. Williams, an Arkansas inmate, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against defendants Hampton, Carroll, and Vidrine for failure to prosecute and the district court's failure to address his claims against other named defendants. We affirm.
 
 
 2
 In May 1990, numerous plaintiffs, including Kasib Tauheed Bilal, filed a lengthy conditions-of-confinement complaint against A.L. Lockhart, Larry Norris, George Brewer, Marvin Evans, Jr., Nuby Courtney, R.D. Perry, Field Major Rhodes, Capt. Heflin, Capt. Apel, and Capt. Kelly (hereinafter the initial defendants). In June 1990, the magistrate judge granted Bilal leave to amend his complaint and add Williams and Thomas Hodo as plaintiffs, and he directed the plaintiffs to amend their complaint by August 30 to comply with Federal Rule of Civil Procedure 8(a)(2). Bilal timely filed an amended complaint, signed only by him, which included claims of racial and religious discrimination and requested class action certification. On September 7, Williams filed a "motion to amend statement of claim" raising, inter alia, claims similar to Bilal's; on September 20, Williams filed a "motion to amend supplemental pleading, and to join defendants," in which he asserted retaliation claims against hoe squad officers Hampton, Carroll, and Vidrine and asked that they "be added to his complaint." The district court granted Williams's September 20 motion adding Hampton, Carroll, and Vidrine as defendants, and accepted this motion as Williams' amended complaint. A hearing was set for November 14, 1991.
 
 
 3
 On November 13, 1991, the district court found that Williams's amended complaint against Hampton, Carroll, and Vidrine should be scheduled for a separate hearing because it "concern[ed] matters unrelated to the other plaintiffs' claims." On November 14, the magistrate judge conducted a trial on the claims of Bilal and Ford. Apparently, Williams did not attend this trial. Instead, ten days later, he filed an objection to the November 13 order, asserting that he was being denied access to the courts because his complaint should not be limited to claims against Hampton, Carroll, and Vidrine.
 
 
 4
 The district court subsequently adopted the magistrate judge's recommendation that the claims of Bilal and Ford be dismissed with prejudice and set Williams's separate claim against Hampton, Carroll, and Vidrine for trial on February 21, 1992. On that date, Williams refused to proceed on the ground that he could not do so without the numerous witnesses he had requested by witness list or by request for subpoenas. The magistrate judge concluded that "most of the persons just mentioned could be relevant, if at all, only to the claims of other Plaintiffs long gone," and that "the persons present for the hearing were (accepting the allegations of Plaintiff's supplemental pleading as true) the essential material witnesses to the alleged incidents" involving Hampton, Carroll, and Vidrine. The magistrate judge recommended that the district court dismiss Williams's claims with prejudice for failure to prosecute. The district court summarily adopted the magistrate judge's findings and recommendations, and entered judgment "dismissing this complaint, and the entire case with prejudice." Williams appeals.
 
 
 5
 We review a dismissal for failure to prosecute for abuse of discretion. Dubose v. Minnesota, 893 F.2d 169, 171 (8th Cir. 1990). Williams knew that the February 21 hearing would be limited to the claims asserted in his amended complaint against Hampton, Carroll, and Vidrine. Although some of the witnesses Williams requested were not present, the magistrate determined that all of the necessary parties and witnesses were available. See Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982) (per curiam) (trial court has discretionary power to refuse to subpoena witnesses). Rather than presenting the evidence he had and preserving his objections for appeal, Williams refused to proceed. Therefore, the district court did not abuse its discretion in dismissing his amended complaint for failure to prosecute.
 
 
 6
 Accordingly, we affirm.