989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Antonio Demarion COLEY, I, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction;
Willis Sargent, Warden, Arkansas Department of
Correction; Bill Terry; Tommie
McGarity, Cummins Unit, Appellees.
 No. 92-1425.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 6, 1992.
Filed: March 17, 1993.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Antonio Demarion Coley I, an Arkansas inmate, appeals from the district court's[1] disposition of his 42 U.S.C. § 1983 action against various current and former employees of the Arkansas Department of Correction (ADC). We affirm.
 
 
 2
 Coley brought this action claiming that defendants A.L. Lockhart, ADC director; Willis Sargent, warden at ADC's Cummins Unit (Cummins); Bill Terry, classification officer at Cummins; and Tommie McGarity, former infirmary administrator at Cummins, had violated his constitutional rights by assigning him to work on the hoe squad when they knew that his medical classification restricted him from performing such work. Coley claimed that, as a result of this improper assignment, he injured his leg, feet, lower back, head, and neck. Coley sought money damages.
 
 
 3
 We conclude that Coley failed to state a claim under section 1983 in regard to defendants Lockhart, Sargent, and McGarity. Coley did not sufficiently allege facts showing that these defendants were personally involved in his assignment to the hoe squad, see Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985), and respondeat superior is not applicable in section 1983 actions where, as here, there is no showing of deliberate indifference or tacit authorization by a supervisor. Bolin v. Black, 875 F.2d 1343, 1347 (8th Cir.), cert. denied, 493 U.S. 993 (1989). As to defendant Terry, we note that in an ADC grievance form dated July 19, 1990, which Coley submitted to the district court, Coley acknowledged that he was assigned to the hoe squad "by mistake." Because mere negligence is not actionable under section 1983, see Daniels v. Williams, 474 U.S. 327, 335-36 (1986), Coley may not prevail in this action.
 
 
 4
 We conclude that the district court did not abuse its discretion in denying Coley's motion for appointment of counsel because the issues were not complex and Coley ably presented his claims. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986) (listing factors for court to consider when determining whether to grant motion for appointment of counsel). Finally, we conclude that the district court acted within its discretion in limiting the number of witnesses Coley could call at an evidentiary hearing because their testimony would have been cumulative. See Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982) (per curiam) (trial court has discretion to refuse to subpoena witnesses and prevent abuse of process).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Elsijane T. Roy, Senior United States District Judge for the Eastern District of Arkansas