

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2009

# William Davis III v. Correctional Med Sys

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4880

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"William Davis III v. Correctional Med Sys" (2009). *2009 Decisions.* Paper 1149.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1149

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-203                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4880
_____

WILLIAM F. DAVIS, III,
                                        Appellant

v.

CORRECTIONAL MEDICAL SYSTEMS;
FIRST CORR. MEDICAL; STATE OF DE; WARDEN RAPHAEL WILLIAMS;
COMMISSIONER/DOC STAN TAYLOR; NURSE BETTY; DR. ROBINSON,
CORRECTIONAL MEDICAL SERVICES

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-04-cv-00209)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 29, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges

(Filed: June 23, 2009  )
_____

OPINION
_____

PER CURIAM

Williams Davis appeals from the District Court's December 11, 2008 order denying Davis' summary judgment motion and granting the appellees' motion for summary judgment. Because we determine that the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

In 2001, doctors diagnosed Davis, incarcerated at the Howard R. Young Correctional Institution, with a hernia. After complaining of severe pain and receiving medical attention for several months, which included a liquid diet and multiple x-rays and CT scans, Davis had emergency surgery on September 5, 2002. The operation revealed evidence of a long-standing small bowel obstruction with a perforation, as well as massive fecal peritonitis. Evidence indicated that the peritonitis had been present for quite some time. Davis recovered from the surgery and returned to the general prison population.

In 2004, Davis filed a 42 U.S.C. § 1983 civil rights complaint in the District of Delaware seeking compensation against the defendants for alleged deliberate indifference to his serious medical needs. Davis argued that the medical care he received was inadequate because a misdiagnosis could have resulted in serious complications or death. He also argued that Dr. Robinson and Nurse Bradley did not follow the standards for health services "for jails national commission on correctional health care." Davis and the appellees both filed motions for summary judgment. The District Court granted the

2

appellees' motion, holding that the record did not support a finding of deliberate indifference to a serious medical need.[1]  Davis appeals.

We have appellate jurisdiction under 28 U.S.C. § 1291, and review it for possible dismissal under 28 U.S.C. § 1915(e)(2)(B).  An appeal must be dismissed under 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court correctly analyzed Davis' claim under the Supreme Court's standard for "deliberate indifference."  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (holding that the plaintiff must allege that the defendant acted with deliberate indifference to his serious medical needs in order to state an Eighth Amendment medical claim upon which relief may be granted).  "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation."  White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (quoting Estelle, 429 U.S. at 103).  Allegations of medical malpractice are not sufficient to establish a constitutional violation.  Id.  Furthermore, "mere disagreement as to the proper medical treatment" does not support a claim of an Eighth Amendment violation.  Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citing Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977); Massey v. Hutto, 545 F.2d 45, 46 (8th Cir. 1976) (per curiam)); see also Johnson

---

[1]Davis' state medical claims against the appellees were dismissed.

3

v. Treen, 759 F.2d 1236, 1238-39 (5th Cir. 1985) (simple disagreement with the medical treatment received or a complaint that the treatment received has been unsuccessful is insufficient to set forth a constitutional violation.).

It is clear from the record that Davis consistently requested and received medical attention on numerous occasions until undergoing the emergency surgery in September 2002. Doctors ordered multiple x-ray and CT scans in an attempt to ascertain the source of his pain. For example, a partial x-ray of his abdomen taken on July 9, 2002, revealed no evidence of any bowel obstruction. Another x-ray taken on August 6, 2002, was normal. On several occasions, medical providers attempted to mitigate the problem through a liquid diet. Ultimately he did receive corrective surgery. Because there is no evidence of deliberate indifference, we determine that Davis' appeal is lacking in arguable legal merit, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).