BLD-205                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1217
_____

WENDELL K. BROWN,

Appellant

v.

KEVIN DEPARLOS; STEVE BLANK; WILLIAM KEENAN; DR. ANDERSON;
PSYCHIATRIST CALBERT; POORMAN, NURSE'S SUPERVISOR; NURSE
KATHY; NURSE JUDY; NURSE DARLENE; NURSE TAMMY; SGT. MILLER; J.
MILLER GUARD; R. BARNES; R. KUHNS; P. KEELER; T. STUTZMAN, GUARD;
BOWERS, GUARD; KIRKENDALL, GUARD; R. MILLER, GUARD; ROMANO,
GUARD; C. EBNER, RELEASE OFFICER; LT. HARLEY, GUARD

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-09-00933)
District Judge:  Honorable James M. Munley

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 21, 2012

Before:  SCIRICA, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed:  July 2, 2012)
_____

OPINION
_____

PER CURIAM

Wendell Brown appeals pro se from the order of the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of certain defendants. For the reasons that follow, we will dismiss the appeal pursuant to 28 U.S.C. 1915(e)(2)(B).

Brown filed an application to proceed in forma pauperis and a complaint against numerous medical and prison personnel employed at the Lycoming County Prison in Williamsport, Pennsylvania. Brown was incarcerated at the prison from March 16, 2008, to November 16, 2008, and then recommitted there from January 17, 2009, through March 18, 2010. While incarcerated, Brown suffered from neck, back, arm and shoulder pain, as well as arm numbness and muscle spasms. Following a Magnetic Resonance Imaging (MRI) scan that showed disc herniation, nerve root compression and disc bulging, Brown underwent surgery in June 2008.[1]

The details of Brown's claims are well known to the parties, set forth in the District Court's various orders, and need not be discussed at length here. Briefly, Brown claims that the defendants denied him prescribed medication and access to doctors. Brown also contends that a doctor "violently" twisted his head while he was having a serious neck spasm, which led to a worsening of his condition. The complaint pleads

_____

[1] A post-operative x-ray of his spine showed good alignment and good fusion, and the neurosurgeon's notes record his impression that Brown was doing well.

constitutional claims pursuant to 42 U.S.C. § 1983, a claim under the Americans with Disabilities Act ("ADA"), and state law medical malpractice claims.

All defendants filed motions to dismiss. Pursuant to those motions, the District Court dismissed all claims other than civil rights claims brought under 42 U.S.C. § 1983 against five nursing defendants and a doctor defendant. The court declined to exercise supplemental jurisdiction over the pendent state law medical malpractice claims and dismissed those claims without prejudice. The court also denied Brown's request for appointment of counsel. The District Court later granted summary judgment for the remaining doctor defendant, Elizabeth Anderson, M.D., finding that the evidence did not support that she was "deliberately indifferent" to Brown's condition. In January 2012, the court granted the nursing defendants' motion for summary judgment for failure to exhaust administrative remedies. This timely appeal followed. We have jurisdiction under 28 U.S.C. § 1291.

I.

Our review over the District Court's dismissal of claims under Fed. R. Civ. P. 12(b)(6) is plenary. See Santiago v. GMAC Mortg. Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005). "When reviewing a Rule 12(b)(6) dismissal, we accept as true all well-pled factual allegations in the complaint . . . and view them in the light most favorable to the plaintiffs." Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins., 677 F.3d 178, 182 (3d Cir. 2012) (citing Anspach ex rel. Anspach v. City of Phila., Dep't of Pub. Health, 503 F.3d 256, 260 (3d Cir. 2007)). "[O]nly a complaint that states a plausible

claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Brown alleges that his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment rights were violated during his incarceration at the Lycoming County Prison, some of which may have been as a pretrial detainee. The District Court correctly analyzed Brown's claims under the Supreme Court's standard for "deliberate indifference." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (quoting Estelle, 429 U.S. at 103). The same standard applies to claims of inadequate medical care by pre-trial detainees. Natale v. Camden Cnty. Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003).

The record shows that Brown routinely sought and received treatment from the medical department, including the dispensation of prescription medication and other pain medication. On several occasions, medical providers responded to his requests for the provision of a cervical collar and arm sling to aid his pain. A doctor ordered an MRI in an attempt to ascertain the source of his pain, and Brown ultimately received corrective surgery. In particular, Dr. William Keenan informed Brown of the MRI results, discussed the risks of surgery, prescribed pain medication for Brown, and arranged an appointment with a neurosurgeon, as Brown concedes in his complaint. In light of this

4

concession, and because his allegations do not otherwise state a claim for constitutional violations against Dr. Keenan, the District Court properly dismissed the claims against this defendant.

We also agree with the District Court that Brown failed to plead sufficient facts to demonstrate personal involvement by defendant Calvert for the alleged inadequate medical care. Brown seeks to impose liability based solely on this defendant's supervisory position, but liability in a § 1983 action must be predicated upon personal involvement, not on the basis of *respondeat superior.* Polk County v. Dodson, 454 U.S. 312, 325 (1981).

With regard to the non-medical defendants, including the warden, "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id. We conclude that the District Court properly applied Spruill when it dismissed those claims.

We also conclude that the District Court correctly dismissed Brown's claim against defendants Blank, R. Miller, Ebner, Harley, and Kuhns regarding their alleged verbal assault and harassment. Verbal harassment of a prisoner, without more, does not

5

violate the Eighth Amendment.  See, e.g., McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000).

Nor do the allegations of a conspiracy, or conspiracies, among certain defendants to violate Brown's civil rights survive Rule 12(b)(6).  Brown based his conspiracy claim upon the conclusory allegation that prison employees, including guards and a nurse, agreed to act against him to deprive him of medical care.  Without more, the bare allegation of an agreement is insufficient to sustain a conspiracy claim.  Cf. Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998) (finding § 1983 claim in complaint contained sufficient allegations of concerted action to withstand motion to dismiss); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

Brown's claim that defendants violated the ADA was also properly dismissed.  To establish a violation of Title II of the ADA, an inmate must allege that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  See 42 U.S.C. § 12132.  Brown's complaint merely asserts that defendants violated the ADA and fails to allege any facts that demonstrate that the alleged inadequate or improper medical care he received was because of a disability. [2]

_____

[2]    The District Court dismissed Brown's ADA claim because it determined that individuals are not liable under Title II of the ADA. This Court has yet to address

6

The remaining claims survived dismissal; however, the District Court subsequently granted summary judgment against the appellant on those claims. "Our review of a district court's grant of summary judgment is plenary, and we must apply the same standard the district court was required to apply under Federal Rule of Civil Procedure 56[]." Spence v. ESAB Group, Inc., 623 F.3d 212, 216 (3d Cir. 2010). "In evaluating the evidence, we must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Id. (internal quotation marks and citations omitted).

Brown alleges that Dr. Anderson violated his constitutional rights when she examined him and twisted his head during a muscle spasm. Dr. Anderson conducted a physical examination of Brown during which she palpated his neck and muscles. She also prescribed him medication to control the muscle spasms. Allegations of medical malpractice are not sufficient to establish a constitutional violation. White, 897 F.2d at 108 (citing Estelle, 429 U.S. at 106). Furthermore, "mere disagreement as to the proper medical treatment" does not support a claim of violation of the Eighth Amendment. Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citing Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977); Massey v. Hutto, 545 F.2d 45, 46 (8th Cir. 1976) (per curiam)). While Brown may disagree with the treatment

individual liability under Title II of the ADA, and we decline to do so now, as we have concluded that Brown's ADA claim fails for other reasons.

provided by Dr. Anderson, her examination does not demonstrate deliberate indifference or unnecessary and wanton infliction of pain and does not amount to a constitutional violation.

The District Court also granted summary judgment to the nursing defendants on the ground of failure to exhaust. Under 42 U.S.C. § 1997e(a), prisoners must exhaust available administrative remedies before bringing a civil rights action concerning prison conditions. Such exhaustion is required regardless of whether these remedies can provide the inmate with the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001). We have interpreted this provision to require not only that an inmate has no further process available to him, but also that an inmate has engaged in "proper exhaustion," that is, the inmate has reached this endpoint only after having timely sought relief at every level available to him. Spruill, 372 F.3d at 227-30.

Failure to exhaust is an affirmative defense to be pleaded by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Affirmative defenses ordinarily are raised in responding to a pleading, Fed. R. Civ. P. 8(c), although courts have held that lack of exhaustion can be asserted in a motion for summary judgment if the plaintiff is not harmed by the delay. See, e.g., Curtis v. Timberlake, 436 F.3d 709, 711 (7th Cir. 2006) (finding no prejudice where appellant confronted the defense in responding to motion for summary judgment). The nursing defendants here only mentioned the lack of a grievance in their answer, but did not press it until their motion for summary judgment. The

District Court found that Brown was not prejudiced by their raising the issue at this stage in the proceedings, and we agree. Brown was aware of the exhaustion issue even when he filed his complaint, and he had the opportunity to confront the defense in responding to the motion for summary judgment.[3]

Brown contends that he filed a grievance in accordance with the policies of the Lycoming County Prisons inmate handbook and exhausted the remedies as provided therein. The record shows that Brown filed medical request slips related to his medical treatment in spring 2008, but submitted only one complaint to the Lycoming County Prison Board in December 2009 related to the discontinuation of some of his medication. Brown has not provided any evidence that he complied with the prison's grievance procedure. Under the circumstances, we agree that Brown failed to exhaust his available administrative remedies, and, on this record, the District Court properly granted the summary judgment motion as to the remaining nursing defendants.

Finally, we consider whether the District Court properly denied Brown's motion for appointment of counsel. An indigent plaintiff seeking the appointment of counsel must present a claim having "some merit in fact and law." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). Brown's claims lack merit for the reasons already discussed. Additionally, through his pro se submissions, Brown has demonstrated an ability to

---

[3] The complaint form includes a section on the exhaustion of administrative remedies in which Brown indicated that he had fully exhausted his available administrative remedies regarding each of his present claims.

present his case.  See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993).  Accordingly, the District Court did not abuse its discretion in denying Brown's motion.

Having found no legal merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).  Appellant's motion for appointment of counsel is denied.