# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2620
_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Colin Purdy

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: June 11, 2025
Filed: June 16, 2025
[Unpublished]
_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Jeffrey Purdy appeals after the district court[1] revoked his supervised release and sentenced him to 14 months in prison, and 22 months of supervised release, with

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

location monitoring for the duration of the term and a condition that the defendant remain at his residence every day during set hours as directed by his probation officer. His counsel filed a brief that challenged the district court's findings that Purdy violated the conditions of his supervised release; raised the issue of whether the district court violated Purdy's constitutional rights to request a subpoena in a civil case and to criticize his probation officer; and discussed whether the district court abused its discretion in revoking Purdy's term of supervised release. Purdy filed a supplemental brief that argued the district court clearly erred in finding each of the three violations of the conditions of his supervised release; the United States Attorney improperly refused to provide emails between Purdy and his probation officer; the district court plainly erred in its calculation of his criminal history; and the district court erred by imposing a revocation sentence that included both incarceration and home confinement. We granted counsel's motion to withdraw and set a briefing schedule. Purdy moved to have his supplemental brief accepted as his appellate brief, and we grant that motion.

We first conclude there was no clear error in the district court's finding that it was more likely than not that Purdy violated the conditions of his supervised release, and no abuse of discretion in revoking Purdy's supervised release. See 18 U.S.C. § 3583(e)(3) (court may revoke supervised release if it finds by preponderance of evidence that defendant violated release conditions); United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009) (standard of review). There is no indication that the district court violated any of Purdy's constitutional rights. See Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982) (Sixth Amendment rights are discretionary in civil matters); Doe v. Pulaski Cnty. Special Sch. Dist., 306 F.3d 616, 622 (8th Cir. 2002) (en banc) (First Amendment protections do not extend to threats of violence).

The government's alleged refusal to provide emails is not grounds for reversal in light of Purdy's clear and ongoing violations of the conditions of his supervised release. See Miller, 557 F.3d at 914 (district court need only find single violation to

revoke supervised release). We conclude that the district court did not plainly err in calculating Purdy's criminal history or the Sentencing Guidelines range that applied to his revocation. See United States v. Holdsworth, 830 F.3d 779, 783 (8th Cir. 2016) (plain-error review applies when defendant fails to timely object to procedural sentencing error). Lastly, although this court's precedent does allow the imposition of a term of home confinement following imprisonment, see United States v. Floss, 42 F.4th 854, 860 (8th Cir. 2022), we conclude that the location monitoring condition, with daily restrictions on the hours Purdy must remain at his residence, is not a term of home confinement, see 18 U.S.C. § 3583(e)(4) (court may order the defendant to remain at his place of residence during nonworking hours).

Accordingly, we affirm.

_____